CASE 40—AGREED CASE.—FEBRUARY 16.

# Wolfe, &c., v. McHargue, Sheriff.

**APPEAL FROM PULASKI CIRCUIT COURT.**

TAXATION.—As the residents of a town receive benefits from, and exercise privileges under, both the municipal and county governments, they can be required to contribute, by taxation, to the support of both.

 The fact that the residents of a town are taxed to keep the streets of the town in repair, does not exempt them from the payment of a tax imposed by the county, under legislative authority, to keep the public roads in repair.

W. A. MORROW FOR APPELLANTS.

Brief not in record.

J. L. COLYER FOR APPELLEE.

There is no unconstitutional inequality of the burdens of taxation, when a tax is levied upon all the citizens of a county for road purposes, and an additional tax upon the inhabitants of a municipality within the county for the improvement of the streets of the municipality. (Railroad Co. v. City of Louisville, 4 Bush, 481; 9 B. M., 339; L., C. & L. R. R. Co. v. Commonwealth, 10 Bush, 48; 5 Bush, 229.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The Legislature, by an act approved March 10, 1886, authorized the levy of an annual tax of ten cents on each one hundred dollars in value of the real and personal property in the county of Pulaski, for the purpose of repairing and keeping in repair its public roads.    (Acts 1885–6, vol. 1, p. 581.)

The appellants reside, and their property is situated, within the corporate limits of the town of Somerset, in said county.    The municipality levied a tax of forty cents on each one hundred dollars in value of property

within its limits, for municipal purposes for the year 1886, one of those purposes being the keeping in proper repair of its streets; and the appellants claim that by reason thereof their property is not subject to the county road tax of ten cents upon each one hundred dollars in value of property, levied for 1886, and that if the act be applicable to them, then it is unconstitutional, and, therefore, invalid. The question is, therefore, presented whether the residents of the municipality, and their property situated within its limits, are exempt from the tax for road purposes generally because they pay a special tax for municipal purposes, among which is the improvement of the streets of the town.

The right to tax is based fundamentally upon benefits received. The government imposes the burden upon the citizen, and he in turn is entitled to the protection and advantages arising from its existence. The State, as to taxation, can exercise no mere favoritism. No one can have exclusive privileges save in consideration of public services. Equality in taxation is the rule, and exemption from the burden is the exception. One citizen can not be taxed more than his fellow-citizen for the like benefit, and the complaint is now made that the inhabitants of the municipality are twice taxed, or made to carry a heavier burden than other citizens of the county, without receiving any additional benefits. But is this true? The charter of the town confers certain privileges and benefits. A franchise, or special privilege, is granted to its inhabitants, and in which the other citizens of the county do not share. The benefits arising therefrom warrant addi-

tional taxation. It is a *quasi* purchase of them. The grant authorizes the resident of the municipality to exercise certain privileges, and invests him with certain rights which are denied to the other citizens of the county. The municipality makes its own laws; it elects its own officers and exercises other privileges too numerous to mention. In addition the citizen of the municipality is also a citizen of the county. He has a voice in its government. He receives benefits from, and exercises privileges under, both the municipal and county governments. In consideration of this dual right he is liable to double taxation. That is, he must help to support both the municipal and the county governments. It must, of course, be imposed as equally as is possible upon all the inhabitants of the municipality alike; but they can not say, because in consideration of municipal benefits they pay municipal taxes, that therefore they are exempt from county taxation. They but pay a bonus for extra privileges, and are only taxed in proportion to the benefits received. Any other rule would lead to a virtual exemption of the citizen of the town from county taxation altogether; and instead of its being unjust and unequal taxation as to him, he would, if exempted from it by reason of the payment of municipal taxes, secure exclusive privileges, and obtain the benefit of the county government without paying for it. The people of the town are especially interested in the county roads. They bring trade to them. They serve to build up their town. They aid in increasing the value of their property. Not only are they benefited by them, but as citizens of the county they

have a voice in their control, and in consideration of their being both citizens of the municipality and of the county, and receiving benefits from each, they can constitutionally be required to contribute, by taxation, to the support of both.

Judgment affirmed.

[This case has only recently been ordered to be reported, and for that reason it was not reported with the other cases of September term, 1886.]