24340, 24347.   DAVIS et al., Executors v. BLUM'S, INC.; and vice versa.

UNDERCOFLER, Justice. This is an appeal and cross appeal from an interlocutory judgment in an action brought by the plaintiff to remove a fence placed along the northern boundary of property it claims to hold under a sublease and which fence was erected by lessor's representatives who are the defendants herein. Among other things, the plaintiff prayed for a temporary and permanent injunction. The trial judge at the interlocutory hearing decreed that 185.1 feet of the fence from the street towards the rear of the property and to the back of the building thereon be removed and that a 10-foot opening be made in the remaining portion of the fence.

The defendants' enumeration of errors complains of a failure of the trial court to find that the plaintiff was not a sublessee and that it was without standing to bring this suit because the lessor did not agree in writing to the sublease as required by Paragraph 15 of the lease. They also except to the judgment allowing the plaintiff the right to remove 185.1 feet of the fence and make a 10-foot opening in the remaining portion thereof. The plaintiff filed a cross appeal complaining that the trial court erred in not allowing it to remove the entire fence. *Held:*

1. Paragraph 15 of the lease provides in part: "Lessee may sublease portions of the leased premises to others provided such sublessee's operation is a part of the general operation of lessee and under the supervision and control of lessee, and provided such operation is within the purposes for which said premises shall be used. Except as provided in preceding sentence, lessee shall not, without the prior written consent of

the lessor endorse hereon, assign this lease or any interest hereunder, or sublet premises or any part thereof, or permit the use of premises by any party other than lessee. . ." The evidence shows that the defendants' testatrix leased the property involved in this litigation to Lum's, Inc. for operating a restaurant. Thereafter a franchise was issued by Lum's, Inc. to Blum's, Inc. for the operation of a restaurant business on said property. At the same time a wholly-owned subsidiary of Lum's, Inc. by the name of Atlum's, Inc. subleased the premises to the plaintiff. The record does not contain a lease from Lum's, Inc. to Atlum's, Inc. However, under the evidence the trial judge did not abuse his discretion in finding that the plaintiff was a sublessee of Lum's, Inc. under the provisions of the lease. *Roughton v. Thiele Kaolin Co.,* 211 Ga. 15 (83 SE2d 590). This is particularly true in view of the fact that the plaintiff had been in possession of the premises for a year and a half with the knowledge of the lessor who has received the rent provided for in her lease. Furthermore, the evidence shows that the plaintiff was operating a restaurant business under the original lessee's franchise and subject to its supervision. Under these circumstances the written consent of the lessor under Paragraph 15 of the lease was not required. Enumerations of error 1 and 2 are therefore without merit.

2. The defendants contend that the plaintiff is not entitled to the use of all of the parking facilities described in the lease because of certain special stipulations therein. The evidence shows that the portion of the building leased is about 4,000 square feet and that the lessor retained about 1,000 square feet of it for the operation of a beauty shop. The lessors admit receiving the monthly rental of $900 since the property was leased on December 2, 1965, which rental was paid to their testatrix until her death on May 12, 1967, and subsequently to them as her executor. The lease by its terms gives exclusive possession of the described boundary of the property to the lessee, providing therein for the lessor's ingress and egress to the parking facilities in the rear of the building and providing further in Paragraph 35 that insofar as any of the foregoing provisions of the lease are in conflict with the following stipulations, the following shall control: "Lessee is guaranteed all parking on the currently paved parking area [from the street toward the rear of the property and

to the back of the building 185.1 feet] . . . If available, additional parking is granted to the lessee in the currently graveled area starting at a point . . . [from the back of the building and including the remainder of the lot]." The lessor at the time the lease was signed operated a beauty shop in the back of the leased building and used some of the graveled parking space for her parking purposes. This area was later paved by the lessor and the plaintiff and a wall built by them around a portion of this rear parking area. The beauty shop is still operated in the building.

Due to traffic congestion, on June 5, 1967, the plaintiff leased from one Williams a parcel of land adjoining the northern boundary of the property. Williams removed his fence located along the boundary of these properties as required by his lease with the plaintiff so as to allow access between them. The lessors then erected a fence on the leased property along the entire northern boundary which joined Williams' land and thereby prevented the plaintiff from using the adjacent property to facilitate the flow of traffic. We find that the express provisions of the lease gave the lessee the exclusive possession of the described boundary of the lessor, except for the portion of the building occupied by the beauty shop and the provisions of Paragraph 35 of the stipulations quoted above only restricted his use of the rear of the described boundary to parking thereon if space was available.

"Where premises are leased exclusively . . . it is a continuing trespass for the lessor to erect and maintain a concrete wall over them without the lessee's consent and contrary to his wishes, and equity will enjoin such a trespass." *Duke v. Wilder*, 212 Ga. 26 (1) (90 SE2d 12). The trial court did not err in its judgment on the interlocutory hearing. Enumerations of error numbers 3 and 4 are therefore without merit.

3. Under Rules 14 and 20 of this court, enumerations of error are to be filed within 10 days of the docketing of the appeal in this court. These rules apply to cross appeals as well as to main appeals and the enumeration of errors thereon is required to be filed within 10 days from the docketing of the cross appeal. The motion to dismiss the cross appeal because the enumeration of errors was not filed within 10 days is sustained and the same is hereby dismissed.

*Judgment affirmed on the main appeal; cross appeal dismissed. All the Justices concur.*

ARGUED OCTOBER 10, 1967—DECIDED NOVEMBER 9, 1967— REHEARING DENIED NOVEMBER 22, 1967.

*Westmoreland, Hall & O'Brien, P. Joseph McGee, John L. Westmoreland, Sr.,* for appellants.

*Parks & Eisenberg, David S. Eisenberg,* for appellee.