24650. ROBINSON et al. v. McLENNAN et al.
24651, 24652. ALDREDGE et al. v. McLENNAN et al.; and vice versa.

NICHOLS, Justice. Alex McLennan, a citizen, resident and taxpayer of Atlanta, Fulton County, Georgia, filed an equitable petition seeking to enjoin the payment of certain sums of money by the county authorities to the Fulton County Board of Education and the Fulton County School Pension Board. After ruling that the payments were not in violation of the Constitution for the reasons alleged in the plaintiff's petition, the trial court ruled that one of the payments sought to be enjoined was unlawful if a certain Act of the General Assembly was enforced which Act the court held to be unconstitutional. The Act declared to be unconstitutional was not attacked by the plaintiff. In separate appeals the Fulton County Commissioners and members of the Fulton County Board of Education appeal and enumerate as error that part of the judgment declaring the Act of the General Assembly unconstitutional and enjoining the payment of funds while such Act is being enforced. The plaintiff filed a cross appeal. *Held:*

1. The cross appeal was docketed in this court on April 12, 1968 and no enumeration of error was filed until more than ten days later. Thus the motion to dismiss the cross appeal is sustained and the cross appeal dismissed. See *Davis v. Blum's, Inc.*, 223 Ga. 790 (3) (158 SE2d 410).

2. It it well settled that an Act of the General Assembly, although palpably unconstitutional, may not be so declared by the courts of this State in the absence of a proper attack thereon. See *McElroy v. McCord*, 213 Ga. 695 (100 SE2d 880), and *Frankel v. Cone*, 214 Ga. 733 (107 SE2d 819).

(a) Such rule is as applicable to the trial court as to this court. See *Richmond Concrete Products Co. v. Ward*, 212 Ga. 773 (95 SE2d 667), holding that a judgment declaring an Act unconstitutional was not reviewable by this court (otherwise the case was one reviewable by the Court of Appeals), where no proper attack on the Act had been made in the trial court. After the case was transferred to the Court of Appeals the judgment of the trial court holding the Act unconstitutional was reversed. *Richmond Concrete Products Co. v. Ward*, 95 Ga. App. 419 (98 SE2d 130).

(b) Accordingly, so much of the judgment of the trial court as permanently enjoins the payment of certain funds so long as the Act declared by the trial court to be unconstitutional is enforced must be reversed since the trial court was without authority to declare an Act unconstitutional in the absence of a proper attack upon it. Whether or not the Act is in fact unconstitutional is not passed upon.

*Judgment affirmed in part; reversed in part in cases Nos. 24650 and 24651. Appeal dismissed in case No. 24652. All the Justices concur.*

Submitted May 16, 1968—Decided June 20, 1968.

*James P. Groton, Madison Richardson, Clay C. Long, Sutherland, Asbill & Brennan,* for Robinson et al.

*Alex McLennan,* for McLennan.

*Harold Sheats, Paul H. Anderson,* for Aldredge et al.