25684. DEKALB COUNTY v. GEORGIA PAPERSTOCK COMPANY, INC. et al.

HAWES, Justice. This case is before this court upon appeal from the order of the Judge of the Superior Court of DeKalb County overruling the defendant's motion to dismiss the plaintiff's complaint for failure to state a claim upon which relief can be granted; overruling the defendant's motion to strike paragraph 5 of the plaintiff's complaint; granting the plaintiff's motion to dismiss the defendant's cross action and third-party complaint and dismissing the third-party complaint as to Fireman's Fund Insurance Company; and from the judgment overruling the motion to dismiss the defendant's cross complaint and restraining the defendant from proceeding in its cross action in a prior case in Fulton Superior Court.

Georgia Paperstock Company, Inc., filed suit against DeKalb County seeking to recover damages for breach of a contract allegedly entered into between the plaintiff and the defendant wherein the plaintiff agreed to purchase from the county and

the county agreed to sell to the plaintiff "all of the waste paper corrugated boxes delivered in satisfactory condition for the use of the company at the plant of the company" to be located at a point convenient to the "DeKalb County service area." Under the contract the plaintiff agreed to pay to the defendant a stipulated price per net ton "based on the Chicago market on the 'high side,'" the price to be paid to be adjusted and determined on a quarterly basis, provided however, that in no event, or regardless of the market price quotation, would the company pay to the county less than $7.00 per net ton delivered, and further provided that the county would have 60 days from the beginning of the delivery of the material under the contract to building up the tonnage to the required minimum of 100 net tons per week, and thereafter "in the event the county is unable to deliver the weekly minimum tonnage during any calendar month after this 60-day period, the price for that month shall be $7.00 per net ton."

The county further agreed to deliver all the waste paper, cardboard corrugated boxes collected by the trucks of its sanitation department and "if possible" those boxes collected by independent contractors or agents, such boxes to be free and clear of all garbage and trash or other material "undesirable or unsuitable for use of the company."

1. We first deal with the question of whether the complaint was subject to dismissal upon any of the grounds urged by the defendant in its motion to dismiss. In determining this question it must be kept in mind that under the Civil Practice Act (Ga. L. 1966, p. 609 et seq., as amended), a complaint is not subject to be dismissed upon motion unless the averments therein disclose with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proved in support of the claim. *Harper v. DeFreitas*, 117 Ga. App. 236, 238 (160 SE2d 260). Furthermore, since, under the Civil Practice Act, issues are no longer formed by the pleadings, and pleadings serve only the purpose of giving notice to the opposite party of the general nature of the contentions of the pleader, it is no longer appropriate to construe the pleadings against the pleader, but they should be construed in the light most favorable to the pleader with all doubts resolved in the pleader's favor even though unfavorable constructions are possible. *Ghitter v. Edge*, 118 Ga. App. 750 (1) (165 SE2d 598).

2. The motion to dismiss was based on the alleged invalidity of the contract sued on, and it may be conceded that since the basis of the plaintiff's claim is solely breach of the contract if the contract was invalid and unenforceable for any reason no claim would be stated on which relief could be granted. DeKalb County contends that the contract is contrary to public policy in that (1) it constitutes an unlawful restraint of trade; (2) creates a debt beyond a year without a vote of the people if the damages contended for by the plaintiff could be incurred; (3) unlawfully binds the commission and future commissions in the exercise of their legislative function; (4) is unilateral; (5) is vague and indefinite, and (6) is without consideration.

3. The obligation which the plaintiff seeks to impose upon the county is not a debt within the meaning of the constitutional provision relied upon. Such obligation, if it in fact exists, arises, not by reason of the obligations of the contract, but by the reason of its alleged breach. The contract itself, if performed by both the parties, would never result in the county incurring an obligation to pay to the plaintiff any sum whatsoever, but on the contrary would give rise to an obligation on the part of the plaintiff to pay the county money. If in fact the contract has been breached by the county in any respect and if it is liable, therefore, to the plaintiff for damages on account of such breach in any proper measure, those damages and the obligation of the county to pay them, are not an indebtedness within the meaning of that term as used in the Constitution. *City of Conyers v. Kirk & Co.,* 78 Ga. 480 (3) (3 SE 442) ; *City Council of Dawson v. Dawson Water Works Co.,* 106 Ga. 696, 725 (32 SE 907). However, it is fundamental that the act of the county commissioners in granting to Georgia Paperstock Co., Inc., the right to receive waste corrugated boxes from the county and from private collectors of such material collecting garbage under contract with the county is the exercise of a legislative function, and regardless of whether such a contract created a debt or not would not be binding on any subsequent board of county commissioners, and, therefore, would not be enforceable beyond the year in which it was made without the continued approval of such board of commissioners evidenced by a formal resolution passed by that body, or by the ratification of the contract evidenced by the board accepting the

benefits thereof during such subsequent years. *Cartersville Improvement, Gas &c. Co. v. Mayor &c. of Cartersville,* 89 Ga. 683 (1) (16 SE 25); *City Council of Dawson v. Dawson Water Works Co.,* supra; *McMaster v. Mayor &c. of Waynesboro,* 122 Ga. 231, 234 (50 SE 122); *Morton v. City of Waycross,* 173 Ga. 298 (2) (160 SE 330).

4. The contract does not violate the rule against the creation of monopolies or the granting of exclusive franchises as enunciated in cases such as the *City of Atlanta v. Stein,* 111 Ga. 789 (36 SE 932, 51 LRA 335) and *Macon Ambulance Service v. Snow Properties,* 218 Ga. 262, 265 (127 SE2d 598).

5. The contract is not unilateral or vague and indefinite or without consideration. It is fundamental that "a promise of another is a good consideration for a promise." *Code* § 20-304. Under the contract the plaintiff covenanted and agreed to "purchase from the county *all* of the waste paper corrugated boxes delivered in satisfactory condition for the use of the company," and the county agreed "to deliver *all* the waste paper cardboard corrugated boxes collected by the trucks of the sanitation department and if possible those boxes collected by its independent contractors or agents, to the plant of the company." (Emphasis supplied). These promises were not rendered vague or uncertain by the provision of the contract that the boxes "shall be free and clear of all garbage, trash or other materials undesirable or unsuitable for the use of the company." The contract recites that the company is a commercial enterprise engaged in the business of processing waste corrugated boxes and other like materials. What is suitable and satisfactory for the company's use constitutes a matter of evidence as to the customs and usages of the trade. Upon the trial of the case evidence as to such customs and usages would be admissible to show what waste paper corrugated boxes and other like materials were intended to be delivered under the contract. *Branch, Sons & Co. v. Palmer,* 65 Ga. 210 (1).

6. It follows from what has been said above that the complaint would not be subject to be dismissed for failure to state a claim. While plaintiff, upon proper proof, may recover such damages as it sustained by reason of the breach of the contract occurring in the calendar year in which the contract was entered into, it may not recover, under the rulings above made, any damages sustained by reason of the failure or

refusal of the county to deliver materials in any subsequent years, unless it can show a ratification or reaffirmance of the contract by the county commission in one or more such subsequent years.

7. Paragraph 5 of the complaint is as follows: "Plaintiff shows that relying on the promises and covenants contained in the contract aforesaid that it purchased machinery, rented a building, and expended other sums in pursuance of the terms of the contract, and that as a result of the breach of the contract on the part of the defendant, it has been damaged in excess of sixty thousand and no one-hundredths ($60,000.00)." The prayer is for process, that the plaintiff have judgment against the defendant in the sum of $60,000 and such other sums as will be disclosed upon the trial of the case. The defendant moved to strike paragraph 5 of the complaint on the ground that it states an incorrect measure of damages. We do not construe paragraph 5 as seeking to recover as such for the value or cost of the machinery purchased or the cost of renting the building. Plaintiff is undoubtedly correct in its contention that under the Civil Practice Act it is not essential that the measure of damages should be pled in every case. However, it should be pointed out that "the general rule is that if a seller fails to deliver goods sold to a purchaser at the time and place specified in the contract, the measure of damages recovered is the difference between the contract price and the market price at the time and place for delivery as fixed by the contract." *Rome Cooperage Co. v. Bettis Co.,* 157 Ga. 52 (1) (120 SE 632). See also to the same effect *Huggins v. Southeastern Lime &c. Co.,* 121 Ga. 311 (5) (48 SE 933). The proper measure of damages, if any, in this case would be in accordance with the last-stated rule. The trial court did not err in refusing to strike paragraph 5 of the complaint.

8. The defendant filed a cross complaint against the plaintiff for damages on account of plaintiff's alleged breach of the contract, and concurrently therewith filed a third-party complaint against Fireman's Fund Insurance Company seeking to enforce its claim under the cross complaint against Fireman's Fund on its payment bond indemnifying the county against the failure of the Georgia Paperstock Co., Inc., to pay all sums required under the terms of the contract. Fireman's Fund Insurance Company, being a surety in the execu-

tion of this bond, was jointly suable with the principal, and under the Civil Practice Act it was a permissible procedure to bring them into court by means of a third-party complaint. *Code* § 103-209. *Smith v. Aultman,* 30 Ga. App. 507 (1) (118 SE 459). Therefore, it was error to dismiss the third-party complaint.

9. It appears that a previous action had been filed by Georgia Paperstock Company, Inc. against McWhirter Material Handling Company, Inc. in the Superior Court of Fulton County, Georgia. DeKalb County, Georgia, was therein named as a party defendant and it filed a cross action in that case embodying the same claim as is embodied in its cross action filed in this case. The complaint in that case was held not to state a claim against the defendants and was dismissed in conformity with the judgment of the Court of Appeals so holding. *McWhirter Material Handling Co. v. Ga. Paperstock Co.,* 118 Ga. App. 582 (164 SE2d 852). The cross complaint which the defendant filed in that case was by that judgment left pending. Under the Civil Practice Act "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings; but the court shall not give the successful party relief, though he may be entitled to it, where the propriety of such relief was not litigated and the opposing party had no opportunity to assert defenses to such relief." Ga. L. 1966, pp. 609, 658 (*Code Ann.* § 81A-154 (c)). While there was no demand on the part of the plaintiff for an injunction to restrain the prosecution of the counterclaim still pending in the Fulton Superior Court, since that counterclaim was admittedly for the same cause of action as is embodied in the counterclaim filed in this case, and there being no plea of lis pendens as against the counterclaim here, it was not inappropriate for the trial court to make such order as would require the defendant to litigate whatever claims it might have against the plaintiff in this case and not in a separate and distinct proceeding in Fulton County. Under these circumstances the order enjoining prosecution of the counterclaim in Fulton Superior Court was not error.

*Judgment affirmed in part; reversed in part. All the Justices concur.*

Argued March 11, 1970—Decided May 21, 1970.

*George P. Dillard, Herbert O. Edwards, Robert E. Mozley,* for appellant.

*Samuel L. Eplan, James A. Mackay,* for appellees.