26023. TANT v. THE STATE.
26024. BOATNER v. THE STATE.

GRICE, Justice. Each of these appeals is from the conviction and sentence for the unlawful possession of marijuana. The appellants contend that this court has jurisdiction because of "a challenge to the constitutionality of 79A Ga. Code 801, et seq., and 9901, et seq."

However, upon oral argument we called to the attention of appellants' counsel that the record in this court contains no motion, demurrer or other document making any constitutional attack upon any statute, and that upon our inquiry the record in the trial court contains none.

Subsequently, counsel for appellants sought in the trial court to perfect the record so as to include such a document, but it denied the motion. Its order stated in material part that "no demurrer/motion as described is of record or on file in the [trial court]. It further appearing that counsel did not physically tender to the court a demurrer/motion as set out."

Thereafter, appellants filed in this court a motion to perfect the record so as to include such a document. Upon consideration the motion is denied.

It follows that we must adhere to the rule that, "This court will never pass upon the constitutionality of an Act of the General Assembly unless it clearly appears . . . that the point was directly and properly made in the court below and distinctly passed on by the trial judge." *Bentley v. Anderson-McGriff Hardware Co.*, 181 Ga. 813 (1) (184 SE 297); See also *Savannah, Fla. & W. R. Co. v. Hardin*, 110 Ga. 433, 437 (35 SE 681); *West v. Frick Co.*, 183 Ga. 182 (2) (187 SE 868); *Robinson v. McLennan*, 224 Ga. 415 (162 SE2d 314); *Walker v. Hall*, 226 Ga. 68 (172 SE2d 411).

Since there is no basis for this court's jurisdiction under the Constitution (Art. VI, Sec. II, Par. IV; *Code Ann.* § 2-3704) the cases are

*Transferred to the Court of Appeals. All the Justices concur, except Felton, J., who dissents.*

ARGUED SEPTEMBER 15, 1970—DECIDED OCTOBER 8, 1970.

*Albert M. Horn,* for appellants.

*E. W. Fleming, District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, Courtney Wilder Stanton, William R. Childers, Jr., Assistant Attorneys General,* for appellee.

FELTON, Justice, dissenting. The record shows that the trial judge overruled two motions presented to the court for determination. I dissent from the judgment transferring this case to the Court of Appeals for the reason that if the court ruled on a motion invoking a ruling of the court on the constitutionality of a statute, whether it had been "tendered" to the court or actually filed at the time of the ruling or not the ruling would be appealable. If the trial judge overruled any motion because it had not been tendered or filed he should have so informed counsel for appellant, otherwise it would be presumed that the merits were passed on. It is my opinion that, in the interest of justice and the truth, this court should obtain from the trial court information as to what the merits of the two overruled motions were, so that this court may *know* whether it has jurisdiction of the appeal or not. It seems to me that if there is any reasonable action this court can take to ascertain the true facts it should use every available means to do so before depriving a party of the constitutional right to appeal from an adverse ruling on a constitutional question. Such an available means is provided by *Code Ann.* § 6-809 (b) (Ga. L. 1965, pp. 18, 29; as amended, Ga. L. 1968, pp. 1072, 1073, 1074), which provides, in part: "At any stage of the proceedings, either before or after argument, the court shall by order, either with or without motion, provide for all necessary amendments, require the trial court to make corrections in the record or transcript or *certify what transpired below which does not appear from the record on appeal,* require that additional portions of the record or transcript of proceedings be sent up, or require that a complete transcript of evidence and proceedings be prepared and sent up, or take any other action to perfect the appeal and record so that the appellate court can and will pass upon the appeal and not dismiss it." (Emphasis supplied.) My proposed course of action comports with the intent of the Appellate Practice Act, as expressed in *Code Ann.*

§ 6-905 (Ga. L. 1965, pp. 18, 40), i. e.: ". . . this law shall be liberally construed so as to bring about a decision on the merits of every case appealed, and to avoid dismissal of any case *or refusal to consider any points raised therein,* except as may be specifically referred to herein." (Emphasis supplied.)