27916. HANCOCK COUNTY v. WILLIAMS et al.

PER CURIAM. The eight children of Fannie Laura Williams filed suit against Hancock County, Georgia and the Georgia Power Company to recover for the death of their mother who was drowned when the automobile in which she was a guest passenger ran into Sinclair Lake, an artificial impoundment of water owned by the Georgia Power Company, on a road which ran directly into such lake without any warning sign. The complaint alleged the unconstitutionality of Code § 23-1502 for various reasons. Hancock County filed a motion to dismiss in which such Code Section was relied upon as to one ground.

A cross claim was filed by the Georgia Power Company in which it sought to be indemnified by Hancock County for any recovery against it under the terms of an easement contract entered into between Georgia

Power Company and Hancock County on February 20, 1957.

It was alleged that the easement contract was for the purpose of providing access to the lake for recreational boating by the public.

On December 18, 1972, the trial court, in separate judgments, overruled on each and every ground the motions of Hancock County to dismiss the complaint and to dismiss the cross complaint, and upon such judgments being certified for immediate review, the present appeal was filed. *Held:*

1. A majority of this court is of the opinion that the ruling of the trial court sufficiently passed upon the constitutionality of a statute so as to place jurisdiction of the appeal in this court rather than in the Court of Appeals.

2. The complaint as amended, showed a contract of easement between Hancock County and Georgia Power Company covering the area where the plaintiff's mother was killed and in which contract the county agreed to indemnify the Georgia Power Company for any damages arising out of the use of such easement by the county.

The Act of 1946 (Ga. L. 1946, p. 152; Code Ann. Ch. 69-6), authorizes counties to enter into contracts so as to provide recreational facilities within a county. Thus, the contract was authorized. Being an authorized contract, the action would lie thereon. Compare *Decatur County v. Praytor &c. Contr. Co.,* 163 Ga. 929, 933 (137 SE 247).

The contract was not one for a definite time in the future and this does not fall within the provision of the contract dealt with in *Aven v. Steiner Cancer Hospital,* 189 Ga. 126 (5 SE2d 356), which had the effect of binding future governing bodies, but to the contrary, was of the type, distinguished in such case, which was a continuing offer and subject to cancellation by future

governing bodies. See *Mayor &c. of Macon v. Bibb County,* 138 Ga. 366 (75 SE 435). So long as the contract was not cancelled, it was operative and binding. See *Cartersville &c. Co. v. Mayor &c. of Cartersville,* 89 Ga. 683 (16 SE 25); *DeKalb County v. Ga. Paperstock Co.,* 226 Ga. 369 (174 SE2d 884).

The complaint as finally amended set forth a cause of action against Hancock County based upon the contract which was valid and for this reason, and without the necessity of consideration being given to the constitutionality of Code § 23-1502, the judgment of the trial court overruling the motions of Hancock County to dismiss the complaint and cross complaint were properly overruled.

*Judgment affirmed. All the Justices concur, except Nichols, J., who dissents.*

ARGUED MAY 14, 1973 — DECIDED JUNE 29, 1973.

*Thomas M. Jackson,* for appellant.

*Jones, Cork, Miller & Benton, Wallace Miller, Jr., Dickens & Hall, G. L. Dickens, Jr.,* for appellees.

NICHOLS, Justice, dissenting. I dissent from the judgment of affirmance in this case for the reason that jurisdiction of the appeal is in the Court of Appeals and not the Supreme Court.

The judgments appealed from merely overrule the motions of Hancock County to dismiss the claim and cross claim without an express ruling of the trial court on the constitutionality of Code § 23-1502.

" 'This court will never pass upon the constitutionality of an Act of the General Assembly unless it clearly appears . . . that the point was directly and properly made in the court below *and distinctly passed on by the trial judge.'* (Emphasis supplied.) *Tant v. State,* 226 Ga. 761 (177 SE2d 484) and cit." *In re Boult,* 227 Ga. 564 (181 SE2d 821).

The mere overruling of a motion to dismiss does not distinctly pass upon the constitutionality of a statute.