# Court of Appeals
# of the State of Georgia

ATLANTA,  February 20, 2018

*The Court of Appeals hereby passes the following order:*

## A18I0118.  NYLGIA C. CALLAWAY v. KELLY E. SINGER.

Nylgia C. Callaway and Kelly E. Singer, who are both female, married in March 2014.  According to Callaway, before the marriage the parties decided to have children together and agreed that any children would be conceived through the use of in vitro fertilization of Singer.  Singer gave birth to twins in April 2013, before the marriage.

Callaway filed for divorce against Singer in December 2016.  Callaway requested that she be declared the children's legitimate parent and that she be awarded custody of them.  She also filed a motion for the appointment of a custody evaluator.  She argued, inter alia, that refusal to recognize her as a parent under Georgia's statutory scheme regarding parent-child relationships would violate constitutional principles of due process and equal protection in light of recent U. S. Supreme Court decisions regarding same-sex marriage.  Singer opposed Callaway's request and motion, and filed a motion for partial summary judgment on those issues.

On January 11, 2018, the trial court issued two orders: one granting Singer's motion for partial summary judgment and denying Callaway's custody request, and another denying Callaway's motion for the appointment of a custody evaluator.  The trial court reasoned that Singer was the sole biological and legal parent of the children, and that Callaway, as the stepparent, did not have standing to seek custodial rights.  The trial court certified its rulings for immediate review on January 23, 2018.  On February 2, 2018, Callaway filed applications for interlocutory review in this Court and the Georgia Supreme Court.  See Supreme Court Case No. S18I0764 (application docketed Feb. 2, 2018). Callaway reiterates her constitutional arguments

in her applications.

The Georgia Supreme Court "has exclusive jurisdiction over all cases involving construction of the Constitution of the State of Georgia and of the United States and all cases in which the constitutionality of a law, ordinance, or constitutional provision has been called into question." *Atlanta Independent School System v. Lane*, 266 Ga. 657, 657 (1) (469 SE2d 22) (1996); Ga. Const. of 1983, Art. VI, Sec. VI, Para. II (1). In light of Callaway's constitutional arguments below, the trial court's rejection of her custody request appears to be "effectively a distinct ruling on the constitutional issues." See *Rouse v. Dept. of Natural Resources*, 271 Ga. 726, 728 (1) (524 SE2d 455) (1999); see also *Hancock County v. Williams*, 230 Ga. 723, 724 (1) (198 SE2d 659) (1973). Thus, this case appears to fall within the Supreme Court's exclusive subject-matter jurisdiction. We further note that Callaway has an application for interlocutory review pending with the Supreme Court, which has "the ultimate responsibility for construing the constitutional provisions regarding appellate jurisdiction." *Saxon v. Coastal Dialysis & Med. Clinic*, 267 Ga. 177, 178 (476 SE2d 587) (1996). Accordingly, this application is hereby TRANSFERRED to the Supreme Court for disposition.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta, ___02/20/2018___

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.



_____ , Clerk.