# Court of Appeals
# of the State of Georgia

ATLANTA,  February 27, 2018

*The Court of Appeals hereby passes the following order:*

**A18I0126. NATIONAL INDEMNITY COMPANY v. GHAITH KHUDHAIR.**
**A18I0127.  DABAKH FREIGHT SERVICES v. GHAITH KHUDHAIR.**

On June 8, 2014, in South Carolina, a tractor-trailer driven by Fabakary Jammeh rear-ended Ghaith Khudhair's vehicle.  Jammeh was transporting goods from Atlanta to New Jersey for Dabakh Freight Services, Inc., a Georgia corporation that maintained a business automobile liability insurance policy with National Indemnity Company.

Khudhair subsequently filed this negligence action against Jammeh, Dabakh Freight Services, and National Indemnity Company.  National Indemnity Company filed a motion for summary judgment and argued, inter alia, that application of OCGA § 40-2-140 (d) (4) to allow for a direct action against it as an insurer of a motor carrier engaged in interstate commerce would render the statute unconstitutional under Georgia Supreme Court precedent.[1]  Jammeh and Dabakh Freight Services each filed motions for partial summary judgment on other grounds.  The trial court issued an order denying all of the summary judgment motions, finding, inter alia, that OCGA § 40-2-140 (d) (4) allows for a direct action against National Indemnity Company. In Case No. A18I0126, National Indemnity Company has filed an application for interlocutory review of the denial of its motion for summary judgment.  It reiterates its constitutional argument in its application.  In Case No. A18I0127, Jammeh and

---

[1] Khudhair maintains that National Indemnity Company improperly raised this constitutional issue for the first time in its reply brief in support of its summary judgment motion.

Dabakh Freight Services have filed an application for interlocutory review of the denial of their motions for partial summary judgment.

The Georgia Supreme Court "has exclusive jurisdiction over all cases involving construction of the Constitution of the State of Georgia and of the United States and all cases in which the constitutionality of a law, ordinance, or constitutional provision has been called into question." *Atlanta Independent School System v. Lane*, 266 Ga. 657, 657 (1) (469 SE2d 22) (1996); Ga. Const. of 1983, Art. VI, Sec. VI, Para. II (1). In light of National Indemnity Company's constitutional argument below, the trial court's finding that OCGA § 40-2-140 (d) (4) allows for a direct action against it appears to be "effectively a distinct ruling on the constitutional issues." See *Rouse v. Dept. of Natural Resources*, 271 Ga. 726, 728 (1) (524 SE2d 455) (1999); see also *Hancock County v. Williams*, 230 Ga. 723, 724 (1) (198 SE2d 659) (1973). Thus, this case appears to fall within the Supreme Court's exclusive subject-matter jurisdiction. We further note that the Supreme Court has "the ultimate responsibility for construing the constitutional provisions regarding appellate jurisdiction." *Saxton v. Coastal Dialysis & Med. Clinic*, 267 Ga. 177, 178 (476 SE2d 587) (1996).

Accordingly, Case No. A18I0126 is hereby TRANSFERRED to the Supreme Court for disposition. In the interests of judicial economy and judicial comity, Case No. A18I0127 is also TRANSFERRED to the Supreme Court.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 02/27/2018
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ , Clerk.