# Court of Appeals
# of the State of Georgia

ATLANTA,  January 31, 2019

*The Court of Appeals hereby passes the following order:*

**A19I0157.   SUBARU CORPORATION et al. v. ALEX SCANLON, AS EXECUTOR OF THE ESTATE OF BARRY SCANLON et al.**

Barry Scanlon died from injuries he incurred in an automobile collision in Florida. At the time of the collision, Scanlon was driving a Subaru Outback he had bought in Georgia. Scanlon's estate and surviving sons filed a wrongful death action in Georgia against multiple defendants, including Subaru Corporation ("SBR"), a Japanese corporation, and Subaru of America, Inc. ("SOA"), a New Jersey corporation.

SBR and SOA filed motions to dismiss for lack of personal jurisdiction. In response, the plaintiffs argued, among other things, that SOA was a resident of Georgia under OCGA § 14-2-510 (b) because it was registered to do business here. SOA argued that in light of the United States Supreme Court's decisions in *Daimler AG v. Bauman*, 571 U. S. 117 (134 SCt. 746, 187 LE2d 624) (2014), and *Bristol-Myers Squibb Co. v. Superior Court of Cal.*, __ U. S. __ (137 SCt. 1773, 198 LE2d 395) (2017), OCGA § 14-2-510 (b) is unconstitutional to the extent that it renders a foreign corporation a Georgia resident when the corporation registers to do business in Georgia. The trial court denied the motions to dismiss. As to SOA, the court ruled that it is subject to personal jurisdiction in this state because it is a Georgia resident pursuant to OCGA § 14-2-510 (b). SOA and SBR now seek interlocutory review in this Court.

The Supreme Court of Georgia "has exclusive jurisdiction over all cases involving construction of the Constitution of the State of Georgia and of the United States and all cases in which the constitutionality of a law, ordinance, or

constitutional provision has been called into question." *Atlanta Independent School System v. Lane*, 266 Ga. 657, 657 (1) (469 SE2d 22) (1996); Ga. Const. of 1983, Art. VI, Sec. VI, Para. II (1). In light of SOA's constitutional challenge to OCGA § 14-2-510 (b), the trial court's ruling that SOA is subject to personal jurisdiction in Georgia because it is a Georgia resident under that statute appears to be "effectively a distinct ruling on the constitutional issues." See *Rouse v. Dept. of Natural Resources*, 271 Ga. 726, 728 (1) (524 SE2d 455) (1999); see also *Hancock County v. Williams*, 230 Ga. 723, 724 (1) (198 SE2d 659) (1973). Thus, this case appears to fall within the Supreme Court's exclusive subject-matter jurisdiction. We further note that the Supreme Court has "the ultimate responsibility for construing the constitutional provisions regarding appellate jurisdiction." *Saxton v. Coastal Dialysis & Med. Clinic*, 267 Ga. 177, 178 (476 SE2d 587) (1996).

Accordingly, this application is hereby TRANSFERRED to the Supreme Court for disposition.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  01/31/2019*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*