# Court of Appeals
# of the State of Georgia

ATLANTA,  April 16, 2019

*The Court of Appeals hereby passes the following order:*

## A19I0204.  TYRANCE MCCALL v. COOPER TIRE & RUBBER COMPANY.

Tyrance McCall, a Florida resident, filed a negligence and product liability action in Gwinnett County State Court against Defendants Cooper Tire & Rubber Company, Pars Car Sales, Inc., and Karla Gould, a resident of Gwinnett County. McCall sought damages for injuries he sustained as a result of an automobile collision that occurred in Florida after a tire manufactured by Cooper Tire in Arkansas failed when McCall was riding as a passenger in Gould's vehicle.

Cooper Tire filed a motion to dismiss for lack of personal jurisdiction, which the trial court granted.  McCall then filed a motion for reconsideration on the ground that the trial court failed to consider its jurisdictional argument that pursuant to OCGA §§  9-10-90 and 9-10-91, Cooper Tire is subject to the personal jurisdiction of Georgia courts by virtue of being registered to conduct business in this State. Cooper Tire opposed the motion, arguing that the trial court properly applied the boundaries of due process in connection with its conclusion that it lacked general personal jurisdiction over Cooper Tire.  The trial court agreed with Cooper Tire and denied the motion for reconsideration, reasoning that statutory law must give way to constitutional law.  The trial court certified its ruling for immediate review, and this application for interlocutory review followed.  Cooper Tire subsequently filed a motion to transfer this case to the Supreme Court.

The Supreme Court of Georgia "has exclusive jurisdiction over all cases involving construction of the Constitution of the State of Georgia and of the United States and all cases in which the constitutionality of a law, ordinance, or constitutional provision has been called into question." *Atlanta Independent School*

*System v. Lane*, 266 Ga. 657, 657 (1) (469 SE2d 22) (1996); Ga. Const. of 1983, Art. VI, Sec. VI, Para. II (1).  In light of Cooper Tire's arguments that to the extent the statutes upon which McCall relies establish general jurisdiction, they are unconstitutional, the trial court's ruling is "effectively a distinct ruling on the constitutional issues[.]" *Rouse v. Dept. of Natural Resources*, 271 Ga. 726, 728 (1) (524 SE2d 455) (1999); see also *Hancock County v. Williams*, 230 Ga. 723, 724 (1) (198 SE2d 659) (1973). Thus, this case appears to fall within the Supreme Court's exclusive subject-matter jurisdiction. We further note that the Supreme Court has "the ultimate responsibility for construing the constitutional provisions regarding appellate jurisdiction[.]" *Saxton v. Coastal Dialysis & Med. Clinic*, 267 Ga. 177, 178 (476 SE2d 587) (1996).[1]

Accordingly, Cooper Tire's motion to transfer is hereby GRANTED, and this application is hereby TRANSFERRED to the Supreme Court for disposition.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__04/16/2019_____*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ *, Clerk.*

---

[1] Compare *Subaru of America v. Scanlon*, Case No. S19I0691, decided March 6, 2019 (case transferred to Court of Appeals "[b]ecause the trial court did not expressly address the constitutionality of OCGA § 14-2-510 (b), and because its ruling on specific jurisdiction obviated the need to resolve the constitutional issue about general jurisdiction"). In the instant case, the trial court ruled on the constitutional issue of general jurisdiction.