# Court of Appeals
# of the State of Georgia

ATLANTA,  September 18, 2023

*The Court of Appeals hereby passes the following order:*

## A24I0036. JOHN THOMAS HINSON III et al. v. HINSON ESTATE et al.

John T. Hinson, Jr., died in 1988 and was survived by his wife Clarice D. Hinson, a/k/a Clarice DeLoach.[1] Shortly after Hinson's death, Clarice filed a petition to probate his will in Glynn County Probate Court and was named executor of his estate. In 2020, Hinson's heirs, John Thomas Hinson III, Kristine Fisk, and Paul Lagrue ("Applicants"), filed in the probate court a petition to remove Clarice as executor of the estate, for an accounting of the estate's assets, and to freeze such assets.[2] Applicants alleged that Clarice had not fulfilled her fiduciary duties as executor and misappropriated funds that should have been distributed by the estate, and requested that she be enjoined from using estate assets, that she disgorge herself of such assets, and that she settle her account with the estate.

Clarice died in 2021. Connie Files and Aldeen Davis filed a petition to probate Clarice's will in Pierce County Probate Court and were named executors of her estate.

The Glynn County Probate Court issued an order making Files and Davis, as executors of Clarice's estate, parties to the Glynn County case "for the purpose of determining what if any assets may be in her estate that possibly belong in the Hinson estate[,]" and transferring the case to Glynn County Superior Court. As to transfer, the probate court explained that necessary discovery regarding if any or what assets had been diverted to Clarice's estate could be conducted in superior court, and that

---

[1] In some of the application materials, Clarice's last name is spelled "Deloach."

[2] Lagrue did not technically join in the filing of the petition, but he approved of it and has since joined in its requests for relief.

if any assets had been diverted, the superior court would have jurisdiction to conduct a trial on the issue of damages, for recoupment of assets, and for other equitable relief that was not available in probate court. In superior court, Applicants alleged that assets belonging to the Hinson estate were improperly being distributed through Clarice's estate. Applicants added claims for breach of fiduciary duty against Clarice and her estate, and requested that the superior court impose a constructive trust on all assets that had been misappropriated.

On September 6, 2023, the Glynn County Superior Court issued an order transferring the case back to Glynn County Probate Court. The superior court found that proper "venue" was in probate court, and that the superior court lacked jurisdiction to determine ongoing questions of breach of fiduciary duty or to enter orders regarding distribution and division of property. The superior court explained that if claims in equity or other claims that fell within its jurisdiction remained after the probate court exercised jurisdiction, the probate court could transfer those remaining issues to it for adjudication.

On September 12, 2023, the superior court certified its ruling for immediate review, and the next day Applicants filed the instant application for interlocutory review in our Court. On September 14, 2023, Applicants filed a motion to transfer the application to the Supreme Court of Georgia. Applicants state that they intended to file the application in the Supreme Court — indeed, the text of their application brief indicates that the application was prepared for filing there — but they erroneously filed it in this Court. Applicants argue that the Supreme Court has jurisdiction over the application because this case presents a constitutional question and is an equity case.

We conclude that the motion to transfer is due to be granted for two reasons. First, and most importantly, it is apparent that Applicants earnestly intended to file their interlocutory application in the Supreme Court of Georgia, and they filed the motion to transfer before the expiration of time to file their application. See OCGA § 5-6-34 (b) (interlocutory applications must be filed within ten days of the issuance of the certificate of immediate review). Under these circumstances, we will not

interfere with Applicants' timely initial choice of an appellate arena, even if the Supreme Court ultimately determines that jurisdiction lies with this Court. Second, it is at least arguable that the Supreme Court has jurisdiction over the application. The Supreme Court "has exclusive jurisdiction over all cases involving construction of the Constitution of the State of Georgia and of the United States and all cases in which the constitutionality of a law, ordinance, or constitutional provision has been called into question." *Atlanta Independent School System v. Lane*, 266 Ga. 657, 657 (1) (469 SE2d 22) (1996); Ga. Const. of 1983, Art. VI, Sec. VI, Para. II (1). Applicants argued before the superior court that under the language of the Georgia Constitution, the superior court had exclusive jurisdiction over their claims for equitable relief. See Ga. Const. of 1983, Art. VI, Sec. IV, Par. I (providing that the superior courts "shall have concurrent jurisdiction with the state-wide business court in equity cases"). And it is possible that the superior court's transfer order was "effectively a distinct ruling on the constitutional issues[.]" *Rouse v. Dept. of Natural Resources*, 271 Ga. 726, 728 (1) (524 SE2d 455) (1999); see *Hancock County v. Williams*, 230 Ga. 723, 724 (1) (198 SE2d 659) (1973) (explaining that trial court's ruling sufficiently passed upon the constitutionality of a statute to invoke the Supreme Court's jurisdiction). Applicants reiterate this constitutional argument in their application brief. Thus, it is possible that this case implicates the Supreme Court's exclusive jurisdiction over constitutional questions.[3]

Accordingly, the motion to transfer is hereby GRANTED, and this application is hereby TRANSFERRED to the Supreme Court of Georgia for disposition.[4]

---

[3] This Court, and not the Supreme Court, has jurisdiction over equity cases that do not involve the death penalty. See OCGA § 15-3-3.1 (a) (2).

[4] Applicants requested that this Court transfer the application to the Supreme Court by September 15, 2023, so that the application would be deemed timely. However, Applicants will receive the benefit of their timely September 13, 2023 filing date, regardless of when the transfer is processed.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,* 09/18/2023

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*