S96A0160, S96X0162. ATLANTA INDEPENDENT SCHOOL
SYSTEM et al. v. LANE; and vice versa.
S96A0163. ATLANTA INDEPENDENT SCHOOL SYSTEM et al.
v. CITY OF ATLANTA.
(469 SE2d 22)

CARLEY, Justice.

The City of Atlanta (City) and the Atlanta Independent School
System (System) entered into an "Agreement For Sharing Revenue,"
whereby the System received an amount equal to 30 percent of the
City's local option sales tax receipts. Mr. William Lane, in his capac-
ity as a city resident and taxpayer, brought suit challenging the valid-
ity of this agreement and also seeking mandamus relief as to the re-
payment of amounts previously paid thereunder. The City filed its
own suit challenging the validity of its agreement with the System.
The suits were consolidated and the trial court held that the agree-
ment was violative of the Georgia Constitution. However, the trial
court denied mandamus relief as to the issue of repayment. It is from
this order of the trial court that the System appeals against the City
and Lane and that Lane cross-appeals against the City and the Sys-
tem.

*Case Nos. S96A0160 and S96A0163*

1. Relying upon *Kelly v. City of Atlanta*, 217 Ga. App. 365, 366
(1) (457 SE2d 675) (1995), the System urges that it has a viable res
judicata or estoppel by judgment defense to Lane's and the City's
claim that the agreement is violative of the Georgia Constitution.

With regard to constitutional issues, this Court has exclusive ju-
risdiction over all cases involving construction of the Constitution of
the State of Georgia and of the United States and all cases in which
the constitutionality of a law, ordinance, or constitutional provision
has been called into question. Art. VI, Sec. VI, Par. II (1) of the Geor-
gia Constitution. The appeal in *Kelly* was filed in this Court, but was
transferred to the Court of Appeals. That transfer merely represents
this Court's determination that *Kelly* was not a case involving a con-
stitutional issue over which we had exclusive jurisdiction.

There are a number of reasons why a case can fail to come within
this Court's exclusive jurisdiction under Art. VI, Sec. VI, Par. II (1) of
our state constitution. The constitutional issue that is raised on ap-
peal may not be one which is within our exclusive jurisdiction. Unless
the issue raised on appeal relates either to the constitutional con-
struction or to the constitutionality of a law, ordinance or constitu-
tional provision, jurisdiction is in the Court of Appeals. Art. VI, Sec.
V, Par. III of the Georgia Constitution. Although the constitutional
issue raised on appeal may be one which otherwise would be within

our exclusive jurisdiction, that constitutional issue may already have been resolved by this Court. *Phillips v. State,* 229 Ga. 313 (191 SE2d 61) (1972). Also, this Court does not have exclusive appellate jurisdiction over a case where the constitutional issue asserted on appeal has not been raised in and ruled upon by the trial court. *Senase v. State,* 258 Ga. 592 (372 SE2d 813) (1988).

There may be other reasons why a case fails to come within this Court's exclusive jurisdiction and must be transferred to the Court of Appeals. Therefore, any decision which holds that such a transfer represents this Court's determination that no constitutional issue in the case has merit is erroneous and is hereby overruled. See, e.g., *Kelly v. City of Atlanta,* supra at 366 (1); *Ryals v. State,* 215 Ga. App. 51, 52 (1) (449 SE2d 865) (1994); *Threatt v. State,* 211 Ga. App. 630 (1) (440 SE2d 61) (1994); *Nash v. State,* 179 Ga. App. 702, 703 (3) (347 SE2d 651) (1986); *George v. State,* 175 Ga. App. 229 (1) (333 SE2d 141) (1985). If this Court has exclusive jurisdiction over a case pursuant to Art. VI, Sec. VI, Par. II (1) of the Georgia Constitution, we will not transfer that case, but will issue a decision addressing the merits of the constitutional issues raised therein. However, the appeal in *Kelly* was transferred because the trial court had made no ruling on any constitutional issue. *Kelly,* supra at 366 (1). It follows that *Kelly* does not constitute authority on the issue of whether the trial court correctly held that the agreement between the City and the System is violative of the Georgia Constitution.

2. Article VIII, Sec. VI, Par. I (a) of the Georgia Constitution provides for the financing of this state's school systems through the levying of local ad valorem taxes which are not to exceed a 20-mill rate. The predecessor to this constitutional provision was construed as establishing an exclusive financing method, such that school systems subject to its mandate were prohibited from receiving funds from any local tax source other than such ad valorem taxes as were raised in accordance therewith. *City of Lithonia v. DeKalb County Bd. of Ed.,* 231 Ga. 150, 153 (200 SE2d 698) (1973). The framers of Art. VIII, Sec. VI, Par. I (a) are presumed to be aware of the interpretation which this Court placed upon the predecessor provision. *McKnight v. City of Decatur,* 200 Ga. 611, 616 (2) (37 SE2d 915) (1946). Art. VIII, Sec. VI, Par. I (a) materially differs from its predecessor only in that its mandate now broadly extends to "each school system" in this state. It is an established rule of constitutional construction that, where a provision has received a settled judicial interpretation and is then incorporated into a new constitution, it will be presumed to have been retained with the knowledge of the previous construction and the courts will be bound to adhere thereto. *Thompson v. Talmadge,* 201 Ga. 867, 885 (2) (41 SE2d 883) (1947). It follows that Art. VIII, Sec. VI, Par. I (a) establishes an exclusive financing

method, such that "each school system" in this state is prohibited from receiving funds from any local tax source other than such ad valorem taxes as were raised in accordance therewith.

Whether the System qualifies for the exemption from the 20-mill cap on ad valorem taxation authorized by Art. VIII, Sec. VI, Par. I (c) is immaterial here. Compare *Bd. of Public Ed. &c. For Bibb County v. Zimmerman*, 231 Ga. 562 (203 SE2d 178) (1974); *Ingram v. Payton*, 222 Ga. 503 (150 SE2d 825) (1966). Art. VIII, Sec. VI, Par. I (a) limits the System to ad valorem taxes levied in accordance therewith as its exclusive local tax revenue source, regardless of whether, in determining the amount of its revenue from that exclusive source, the System may be limited to a 20-mill rate. The System's reliance upon *Featherstone v. Norman*, 170 Ga. 370 (153 SE 58) (1930) and *Green & Milam v. State Revenue Comm.*, 188 Ga. 442 (4 SE2d 144) (1939) as authority for a contrary holding is misplaced. Those cases deal with the issue of the constitutionality of the state income tax statute and do not involve the construction of Art. VIII, Sec. VI, Par. I (a).

3. The System urges that the agreement does not violate Art. VIII, Sec. VI, Par. I (a) because it requires only the payment of an amount equal to 30 percent of the City's local option sales tax receipts, rather than the direct payment of that portion of the actual tax receipts. However, this distinction is immaterial. What is controlling is that the agreement is for the City's payment and the System's receipt of funds from a local tax source other than ad valorem taxes raised in accordance with Art. VIII, Sec. VI, Par. I (a). In order to comply with the agreement and at the same time meet its budget, the City would be required to encroach upon funds derived from other tax sources by an amount equal to the sums paid over to the System "and would thus be doing by indirection the very thing the Constitution in Art. VIII, Sec. [VI], Par. I [(a)] forbids to be done directly." *Harrison v. May*, 228 Ga. 684, 687 (187 SE2d 673) (1972).

4. The System urges that the agreement must nevertheless be upheld as an inter-governmental agreement authorized by Art. IX, Sec. III, Par. I (a) of the Georgia Constitution. Under that constitutional provision, a valid inter-governmental agreement "must deal with activities, services, or facilities which the contracting parties are authorized by law to undertake or provide." By law, the City may be authorized to expend its tax receipts for educational purposes. As previously discussed, however, the System is constitutionally precluded from financing its support and maintenance of education from a local tax revenue source other than ad valorem taxes raised in accordance with Art. VIII, Sec. VI, Par. I (a). Compare *Youngblood v. State of Ga.*, 259 Ga. 864 (388 SE2d 671) (1990); *Nations v. Downtown Dev. Auth. of the City of Atlanta*, 256 Ga. 158 (345 SE2d 581) (1986). It follows that the agreement for the City's payment and the

System's receipt of funds from a local tax revenue source other than ad valorem taxes raised in accordance with that constitutional provision cannot be upheld as a valid inter-governmental agreement.

5. The System's remaining enumeration of error is moot and need not be addressed.

### Case No. S96X0162

6. Lane urges that the trial court erred in denying the mandamus relief that he sought against the System. However, mandamus relief applies prospectively only. It will not lie to compel the undoing of acts already done and this is so even though the action taken was clearly illegal. *Hilton Constr. Co. v. Rockdale County Bd. of Ed.*, 245 Ga. 533, 540 (4) (266 SE2d 157) (1980). It follows that the trial court did not err in refusing to grant mandamus compelling the System to pay back the funds it previously received under the agreement with the City.

7. Lane further urges that he is entitled to mandamus relief against the City, compelling the City to bring suit against the System. In such a suit, however, the City would be seeking reimbursement for its past contractual payments, rather than attempting to recover for its provision of past services. Compare *Screws v. City of Atlanta*, 189 Ga. 839 (8 SE2d 16) (1940). Voluntary payments are, as a general rule, not recoverable. OCGA § 13-1-13. Moreover, the City's contractual payments were expended for the public benefit of educating the City's children. Compare *Nelson v. Wainwright*, 224 Ga. 693 (164 SE2d 147) (1968). Any judgment that the City might recover in such a suit presumably would have to be satisfied by local ad valorem taxes raised in accordance with Art. VIII, Sec. VI, Par. I (a) and, that being the case, Lane and the other taxpayers whom he represents would not be benefited. Any benefit that they might gain in their general capacities as municipal taxpayers would be offset by the comparable loss that they would suffer in their specific capacities as municipal school taxpayers.

Mandamus should be denied "when it would prove unavailing, and when no result [would] be accomplished, or the status changed by its issuance. [Cit.]" *Smith v. Hodgson*, 129 Ga. 494, 497 (59 SE 272) (1907). "[E]xcept in a case of clear legal right, the writ of mandamus [is] a discretionary remedy." *Savannah &c. Canal Co. v. Shuman*, 91 Ga. 400, 402 (3) (17 SE 937) (1893). Since the City's suit against the System would probably prove to be ineffectual and, even if the City did prevail, its taxpayers would not benefit, it was not an abuse of discretion to deny Lane's mandamus claim against the City.

*Judgments affirmed. All the Justices concur.*

DECIDED APRIL 8, 1996 —
RECONSIDERATION DENIED MAY 10, 1996.

*Bondurant, Mixson & Elmore, Emmet J. Bondurant II, Jane E. Fahey, Paul H. Schwartz, Amy M. Totenberg, Holland & Knight, Joseph D. Young,* for Atlanta Independent School System.

*Clifford E. Hardwick IV, Joe M. Harris, Joiava Thomas, M. Hakim Hilliard,* for City of Atlanta.

*Proctor, Felton & Atkinson, Robert J. Proctor, Jule W. Felton, Jr., Joseph L. Kelly,* for Lane.

*Heard, Leverett, Phelps, Weaver & Campbell, E. Freeman Leverett,* amicus curiae.