# Court of Appeals
# of the State of Georgia

ATLANTA,  July 12, 2013

*The Court of Appeals hereby passes the following order:*

**A13A0700. POLO GOLF AND COUNTRY CLUB HOMEOWNERS ASSOCIATION, INC. v. RYMER et al.**

**A13A0701.  POLO GOLF AND COUNTRY CLUB HOMEOWNERS ASSOCIATION, INC. v. FORSYTH COUNTY et al.**

After repeated flooding of their yard and basement during heavy rains, John Rymer, Diane Rymer, and The Diane L. Rymer Family Irrevocable Trust sued in superior court Polo Golf and Country Club Homeowners Association, Inc., which allegedly governed the subdivision in which their residential lot was located. Among their claims, they asserted that the Homeowners Association had failed to maintain drainage easements and the stormwater system in their residential area, thereby breaching the legal duty imposed upon it under Forsyth County Ordinance 75.

Several months thereafter, Forsyth County issued to the Homeowners Association "Notice[s] of Violation of Stormwater Ordinance," identifying several other residential lots that it had "found to be out of compliance with Forsyth County Ordinance 75, including the Forsyth County Addendum to the Georgia Stormwater Management Manual." Each notice described corrective action to be taken and threatened the imposition of fines "if the corrective action described . . . [was] not taken or other acceptable arrangements [were] not approved by the Forsyth County Department of Engineering." The Homeowners Association filed (a separate) suit in superior court against the County.

In both underlying cases, the Homeowners Association sought a declaration from the superior court that, for several grounds argued, the County's enforcement of the Ordinance against it was unconstitutional. In an order referring to the two cases as "consolidated," the superior court ruled, inter alia, that enforcement was not unconstitutional. The Homeowners Association appeals to this Court, claiming, among other things, that the superior court wrongly rejected its constitutional arguments.

However, the Supreme Court of Georgia "has exclusive jurisdiction over all cases involving construction of the Constitution of the State of Georgia and of the United States and all cases in which the constitutionality of a law, ordinance, or constitutional provision has been called into question."[1]  Because these related appeals involve a constitutional challenge to an ordinance, they are hereby TRANSFERRED to the Supreme Court for disposition.[2]



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 07/12/2013
  *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*


, *Clerk.*

---

[1] *Atlanta Independent School System v. Lane*, 266 Ga. 657 (1) (469 SE2d 22) (1996); Ga. Const. of 1983, Art. VI, Sec. VI, Para. II.

[2] See *Malloy v. State*, ___ Ga. __ (1) (___ SE2d ___) (2013) (Case No. S13A01898, decided June 17, 2013) (noting that where Georgia Supreme Court has jurisdiction over appellant's constitutional challenge, that Court also had jurisdiction to consider the other allegations of error presented on appeal).