# Court of Appeals
# of the State of Georgia

ATLANTA,_____August 24, 2016_____

*The Court of Appeals hereby passes the following order:*

**A17I0005.  DAVID PATTON v. JOYCELYN VANTERPOOL.**

Joycelyn Vanterpool filed a paternity action against her ex-husband, David Patton.  She later moved for partial summary judgment, arguing that under OCGA § 19-7-21,[1] Patton is the legal father of her child, who was conceived through in vitro fertilization using donor egg and sperm.  Patton opposed the motion, arguing among other things that OCGA § 19-7-21 is unconstitutional.  The trial court ruled that Patton's constitutional challenge had "no basis" and granted Vanterpool's motion.  Patton now seeks interlocutory review in this Court, renewing his constitutional argument.

The Supreme Court "has exclusive jurisdiction over all cases involving construction of the Constitution of the State of Georgia and of the United States and all cases in which the constitutionality of a law, ordinance, or constitutional provision has been called into question."  *Atlanta Independent School System v. Lane*, 266 Ga. 657 (1) (469 SE2d 22) (1996); Ga. Const. of 1983, Art. VI, Sec. VI, Para. II.  The trial court's rejection of Patton's constitutional challenge appears to be "effectively a distinct ruling on the constitutional issues."  *Zarate-Martinez v. Echemendia*, __ Ga. __ (1) (Case No. S15G1446, decided July 5, 2016) (punctuation omitted).  Thus, this case appears to fall within the Supreme Court's exclusive subject-matter jurisdiction.

---

[1] That statute provides, "All children born within wedlock or within the usual period of gestation thereafter who have been conceived by means of artificial insemination are irrebuttably presumed legitimate if both spouses have consented in writing to the use and administration of artificial insemination."

We further note that the Supreme Court has "ultimate responsibility for construing the constitutional provisions regarding appellate jurisdiction." *Saxon v. Coastal Dialysis & Medical Clinic*, 267 Ga. 177, 178 (476 SE2d 587) (1996).  Accordingly, this application is hereby TRANSFERRED to the Supreme Court for disposition.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,*_____08/24/2016_____
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*