# Court of Appeals
# of the State of Georgia

ATLANTA,     October 25, 2016

*The Court of Appeals hereby passes the following order:*

## A16A1981.  MAY v. MORGAN COUNTY.

In 2007, Christine May built a vacation home on Lake Oconee in Morgan County and, shortly thereafter, began renting the home for short-term vacations. At that time, the County's zoning ordinance did not explicitly allow vacation rentals in May's zoning district and prohibited all uses not specifically allowed. Thus, in July 2009, the County sent May a cease-and-desist letter, informing her that it was "a violation of the Morgan County Zoning Ordinance to rent a residence as a vacation rental or short term rental." The letter also warned May that she would receive a criminal citation if she continued to rent her home on a short-term basis. Nevertheless, May continued to do so.

On October 5, 2010, the County amended its zoning ordinances to explicitly prohibit all rentals of single-family dwelling units for less than 30 consecutive days in all zoning districts, except for those districts where it is allowed by conditional use. Two months later, the County designated the zoning districts where short-term rentals would be allowed, but May's district was not included among them and, therefore, short-term rentals were explicitly prohibited. May, nonetheless, continued to rent her home on a short-term basis. And on August 11, 2011, the County issued a criminal citation to May for illegally renting her home.

The criminal prosecution was stayed for several years while May litigated a civil action against the County regarding the same zoning ordinance. But in June 2015, May filed a motion to dismiss the criminal citation, arguing, *inter alia*, that the current zoning ordinance did not apply because her rental use of her home was grandfathered and that the pre-amendment zoning ordinance was unconstitutionally

vague and, thus, deprived her of her right to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution. Following a bench trial, the Superior Court of Morgan County denied May's motion to dismiss the citation, finding that renting her home on a short-term basis was prohibited under both the pre and post-amendment zoning ordinances. Subsequently, the trial court found May guilty of illegally renting her home on a short-term basis.

May has now filed a direct appeal from her criminal conviction with this Court. On appeal, she again contends, *inter alia*, that the pre-amendment zoning ordinance under which she was prosecuted was unconstitutionally vague and, thus, deprived her of her right to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution.[1] However, the Supreme Court of Georgia has exclusive jurisdiction over all cases involving the construction of the Constitution of the State of Georgia and of the United States and all cases in which the constitutionality of a law, ordinance, or constitutional provision has been called into question.[2] In deference to that jurisdiction and because this case involves a constitutional challenge to the County's zoning ordinance, we hereby transfer this appeal to the Supreme Court of Georgia.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta, _____10/25/2016_____
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk.

---

[1] *See* U.S. Const. amend. V and amend. XIV, § 1.

[2] Ga. Const. of 1983, Art. VI, § VI, ¶ II (1); *see Atlanta Indep. Sch. Sys. v. Lane*, 266 Ga. 657, 657 (1) (469 SE2d 22) (1996).