# Court of Appeals
# of the State of Georgia

ATLANTA,  October 29, 2018

*The Court of Appeals hereby passes the following order:*

**A19I0072.  KATHERINA RAINWATER v. THE STATE.**

Katherina Rainwater filed this application for interlocutory review, seeking to appeal the trial court's order denying her motion to suppress the results of her state-administered breath test following her arrest for driving under the influence of alcohol.  In her motion to suppress, Rainwater argued, in relevant part, that conducting a state-administered breath test pursuant to Georgia's implied consent statute, OCGA § 40-5-67.1 (b) (2), violates an arrestee's right against self-incrimination under the Georgia Constitution where, as here, officers do not first advise the arrestee of his or her *Miranda*[1] rights.

The Supreme Court "has exclusive jurisdiction over all cases involving construction of the Constitution of the State of Georgia and of the United States and all cases in which the constitutionality of a law, ordinance, or constitutional provision has been called into question."  *Atlanta Independent School System v. Lane*, 266 Ga. 657, 657 (1) (469 SE2d 22) (1996) (citing Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1)).  Because the trial court rejected Rainwater's challenge to the constitutionality of OCGA § 40-5-67.1 (b) (2) in this case, it appears that jurisdiction over this application may lie in the Supreme Court.[2]  As the Supreme Court has the ultimate

---

[1] *Miranda v. Arizona*, 384 U. S. 436 (86 SCt 1602, 16 LE2d 694) (1966).

[2] Notably, a case that involves an issue nearly identical to the one presented in this application currently is pending before the Supreme Court.  See *Licata v. State*, No. S18C0563, 2018 Ga. LEXIS 419 (June 4, 2018); see also *Olevik v. State*, 302 Ga. 228, 250 (3) (a), n. 13 (806 SE2d 505) (2017) (declining to address – absent "a more

responsibility for determining appellate jurisdiction, see *Saxton v. Coastal Dialysis & Med. Clinic, Inc.*, 267 Ga. 177, 178 (476 SE2d 587) (1996), this application is hereby TRANSFERRED to the Supreme Court for disposition.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta, 10/29/2018*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

complete argument" on the issue – whether "a *Miranda*-style prophylactic rule" should be applied to state-administered breath tests conducted pursuant to the implied consent statute).