# Court of Appeals
# of the State of Georgia

ATLANTA,  June 27, 2019

*The Court of Appeals hereby passes the following order:*

## A19A0556.  TEDRIC LESLIE v. THE STATE.

A jury found Tedric Leslie guilty of armed robbery and kidnapping. Leslie now appeals from the denial of his motion for a new trial, in which he contended, among other things, that the portion of the kidnapping statute under which he was convicted is unconstitutionally vague and violates a defendant's constitutional protections against double jeopardy. Specifically, Leslie challenges OCGA § 16-5-40 (b) (2) (B), which provides that the slight movement required to satisfy the asportation element of kidnapping "shall not be considered merely incidental to another offense if it. . . [m]akes the commission of the other offense substantially easier." Leslie argues that this language allows a defendant to be convicted of kidnapping where the slight movement of the victim made another offense (in this case, armed robbery) possible – meaning that the movement was, in fact, merely incidental to the other offense. The trial court ruled on Leslie's constitutional claim and rejected the same, finding that the current version of the kidnapping statute merely incorporated language articulated by the Supreme Court of Georgia in *Garza v. State*, 284 Ga. 696 (670 SE2d 73) (2008).

In *Garza*, the Georgia Supreme Court addressed the growing number of cases which relied on the principle that even slight movement of the victim satisfies the asportation element of the kidnapping statute, even though there had been no actual abduction or "stealing away" of the victim. The Supreme Court noted that under these cases, "almost any crime [during] which a victim moves [following their] initial contact with the defendant would authorize the kidnapping charge." 284 Ga. at 699 (1). And, the Court concluded, this "expansive construction of asportation distorts the

purpose of the kidnapping statute and raises serious constitutional issues." Id. Thus, the Supreme Court concluded that movement that was merely incidental to the commission of another offense did not satisfy the asportation element of kidnapping. And to determine whether movement of the victim was merely incidental to the commission of a separate offense, a court was to examine:

> (1) the duration of the movement; (2) whether the movement occurred during the commission of a separate offense; (3) whether such movement was an inherent part of that separate offense; *and* (4) whether the movement itself presented a significant danger to the victim independent of the danger posed by the separate offense.

Id. at 702 (1) (citation and footnote omitted; emphasis supplied).

In response to *Garza*, the legislature amended the kidnapping statute to provide that "slight movement of another person which occurs while in the commission of any other offense shall not constitute the offense of kidnapping if such movement is merely incidental to such other offense." OCGA § 16-5-40 (b) (1). The statute further provides that movement "shall not be considered merely incidental to another offense" if *any* of the four *Garza* factors are present. OCGA § 16-5-40 (b) (2) (A)-(D). Thus, although *Garza* listed the factors in the conjunctive (meaning the factors were to be considered together), the legislature listed them in the disjunctive (meaning that the presence of any one factor results in the movement satisfying the asportation element of kidnapping). Leslie argues that the statute's use of the disjunctive means that the same constitutional concerns that existed prior to *Garza* also exist under the current kidnapping statute.

The Supreme Court of Georgia "has exclusive jurisdiction over all cases involving construction of the Constitution of the State of Georgia and of the United States and all cases in which the constitutionality of a law, ordinance, or constitutional provision has been called into question." *Atlanta Independent School System v. Lane*, 266 Ga. 657, 657 (1) (469 SE2d 22) (1996) (citing Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1)). See also *Zarate-Martinez v. Echemendia*, 299 Ga.

301, 304 (2) (788 SE2d 405) (2016). Here, because the trial court expressly rejected Leslie's challenge to the constitutionality of that portion of the kidnapping statute under which he was convicted, it appears that jurisdiction over this appeal may lie in the Supreme Court. See *Marr v. State Dept. of Education*, 264 Ga. 841, 841 (452 SE2d 112) (1995). See also *State v. Davis*, 303 Ga. 684, 687 (1) (814 SE2d 701) (2018). As the Supreme Court has the ultimate responsibility for determining appellate jurisdiction, see *Saxton v. Coastal Dialysis & Med. Clinic*, 267 Ga. 177, 178 (476 SE2d 587) (1996), this appeal is hereby TRANSFERRED to the Supreme Court for disposition.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,  06/27/2019*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*