# Court of Appeals
# of the State of Georgia

ATLANTA,  September 04, 2019

*The Court of Appeals hereby passes the following order:*

**A19A1665.  REBECCA BARNES et al. v. BOBBY BEARDEN et al.**

After the Fannin County School System ("FCSS") terminated the employment of plaintiff Rebecca Barnes, she and the Georgia Association of Educators ("GAE") sued several state and county officials, claiming that her dismissal violated the Fair Dismissal Act ("FDA"), OCGA § 20-2-940 et seq., and, in so doing, retroactively injured her vested rights and impaired her contractual rights under the FDA, in violation of Article I, Section I, Paragraph X of the Georgia Constitution ("Paragraph X"). The defendant state officials moved to dismiss the claims against them for failure to state a claim upon which relief may be granted, arguing in relevant part that (i) Paragraph X applies only to statutory enactments, and not to the acts of individuals; and (ii) Barnes had no vested or contractual rights under the FDA when her employment ended, in light of FCSS's prior conversion to a charter school system under the Charter Systems Act. In their opposition to the motion to dismiss, the plaintiffs maintained that their claims in this action necessarily call into question whether the defendants' application of the Charter Systems Act to Barnes violates Paragraph X, and, as a result, raise a cognizable "as-applied" constitutional challenge to the statute.

In the order at issue in this appeal, the trial court, in relevant part, granted the state officials' motion to dismiss for failure to state a claim and sua sponte dismissed the action against the county official defendants, also for failure to state a claim. The court's summary dismissal order provides no analysis. In its oral ruling, however, the trial court explained that dismissal was required by *Day v. Floyd County Bd. of Ed.*,

333 Ga. App. 144 (775 SE2d 622) (2015). In *Day*, we held that a county school system that has become a charter system under the Charter Schools Act of 1988, OCGA § 20-2-2060 et seq.,[1] is not subject to the FDA, as a result of which an employee of the charter school system is "not entitled to any of the procedural rights and administrative remedies afforded to tenured, noncharter public school employees pursuant to the FDA." 333 Ga. App. at 149 (1). The plaintiffs now appeal the dismissal order in this case.

The Supreme Court "has exclusive jurisdiction over all cases involving construction of the Constitution of the State of Georgia and of the United States and all cases in which the constitutionality of a law, ordinance, or constitutional provision has been called into question." *Atlanta Independent School System v. Lane*, 266 Ga. 657, 657 (1) (469 SE2d 22) (1996) (citing Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1)). Because it appears that the trial court necessarily ruled on the parties' competing claims as to the proper interpretation of Paragraph X and its applicability to this case, jurisdiction over this appeal appears to lie in the Supreme Court. See *Wilkes & McHugh, P.A. v. LTC Consulting, L.P.*, No. S19A0146, 2019 Ga. LEXIS 440, at *10 (1) (c) (June 24, 2019) (observing that this Court properly transferred the appeal to the Supreme Court based on the plaintiffs' First Amendment challenge to a statute, "which the trial court implicitly rejected" when it entered the order at issue on appeal).

---

[1] The Charter Systems Act, at issue in this appeal, amended the Charter Schools Act of 1988. See Ga. L. 2007, pp. 185-196.

This appeal is therefore TRANSFERRED to the Supreme Court for disposition.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*  09/04/2019
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*