# Court of Appeals
# of the State of Georgia

ATLANTA,  August 28, 2020

*The Court of Appeals hereby passes the following order:*

**A21A0187. FREDRICK HOLLOWAY, JR. v. THE STATE.**
**A21A0188. SAMUEL MATHIS DIXON v. THE STATE.**
**A21A0189. STEPHEN JACOB HAMMOND v. THE STATE.**
**A21A0190. JOSEPH LEE GRINER v. THE STATE.**
**A21A0191. JOHN JAELEN ROGERS v. THE STATE.**

The defendants in these cases are currently facing criminal charges. They have filed essentially identical appeals of the August 11, 2020 "Fifth Order Extending Declaration of Statewide Judicial Emergency" issued by the Chief Justice of the Georgia Supreme Court pursuant to OCGA § 38-3-61. In their appeals, they claim that the order's state-wide suspension of jury trials violates the due process and speedy trial clauses of the Constitution of the State of Georgia and the Constitution of the United States. We conclude that these appeals should be transferred to the Georgia Supreme Court, which has exclusive jurisdiction over "[a]ll cases involving the construction of . . . the Constitution of the State of Georgia or of the United States and all cases in which the constitutionality of a law, ordinance, or constitutional provision has been drawn in question."  Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1); see also *Atlanta Independent School System v. Lane*, 266 Ga. 657, 657 (1) (469 SE2d 22) (1996).

The Georgia Court of Appeals has only "limited jurisdiction to review constitutional questions," which arises "when the facts of the case do not involve construction of some constitutional provision directly in question and doubtful either under its own terms or under the decisions of the Supreme Court of Georgia or the Supreme Court of the United States." *State v. Davis*, 303 Ga. 684, 687-688 (1) (814

SE2d 701) (2018) (punctuation omitted). It appears that the instant appeals involve construction of the due process and speedy trial clauses of the state and federal constitutions, as the question of how these clauses should be construed in the context of suspending jury trials during a public health emergency has not previously been addressed in this State. See id. (Georgia Supreme Court had jurisdiction over a "constitutional question of first impression," where the constitutional provision in question with respect to sex offender registration had not previously been addressed); *State Dept. of Corrections v. Developers Sur. & Indem. Co.*, 295 Ga. 741, 742 n. 2 (763 SE2d 868) (2014) ("An appeal requiring a first impression construction of the sovereign immunity provision of the Georgia Constitution is within [the Georgia Supreme] Court's exclusive appellate jurisdiction.").

Thus, it appears that jurisdiction over the instant appeals lies in the Georgia Supreme Court. While we acknowledge that the question of appellate jurisdiction is subject to differing reasonable conclusions, we note that the Supreme Court has "the ultimate responsibility for construing the constitutional provisions regarding appellate jurisdiction." *Saxton v. Coastal Dialysis & Med. Clinic*, 267 Ga. 177, 178 (476 SE2d 587) (1996). We also acknowledge that OCGA § 38-3-64 (c) provides in pertinent part that an appeal of an order declaring the existence of a judicial emergency "shall be heard immediately by the Georgia Court of Appeals under the procedure of emergency motions." However, we have reviewed these appeals in an expedited manner, and even if OCGA § 38-3-64 (c) and the provision of the Georgia Constitution regarding appellate jurisdiction over constitutional questions are in conflict, the latter would control. See *MARTA v. Buho*, 353 Ga. App. 466, 468 (838 SE2d 130) (2020) (to the extent a statutory rule contradicts a constitutional rule, the constitutional rule prevails).

For the foregoing reasons, these appeals are hereby TRANSFERRED to the Georgia Supreme Court for disposition.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,  08/28/2020*
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*