# Court of Appeals
# of the State of Georgia

ATLANTA,   November 09, 2020

*The Court of Appeals hereby passes the following order:*

### A21A0607. HEATHER WRYE v. NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-2 et al.

Heather Wrye filed this appeal pursuant to OCGA § 38-3-64, seeking to challenge the constitutional application of the judicial emergency orders issued by the Georgia Supreme Court pursuant to OCGA § 38-3-61[1] in this garnishment action. Specifically, Wrye contends that her rights have been adversely affected because the stay orders unlawfully expanded the trial court's in rem subject-matter jurisdiction to reach and include wages earned outside the period of garnishment established by OCGA § 18-4-4 (c) (providing that in a continuing garnishment action, the garnishment period shall begin on the day of service of the summons of garnishment and shall include the next 179 days).[2] However, we conclude that this appeal should be transferred to the Georgia Supreme Court, which has exclusive jurisdiction over "[a]ll cases involving the construction of . . . the Constitution of the State of Georgia or of the United States and all cases in which the constitutionality of a law, ordinance, or constitutional provision has been drawn in question." Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1); *see also Atlanta Independent School System v. Lane*, 266 Ga. 657,

---

[1] *See* Chief Justice Melton's Supreme Court Order Declaring Statewide Judicial Emergency (Mar. 14, 2020), as extended on April 6, May 11, and June 12, 2020, and as extended in part on July 10, August 6, and September 10, 2020, available at www.gasupreme.us.

[2] Effective January 1, 2021, the garnishment period will be extended to 1,095 days.

657 (1) (469 SE2d 22) (1996).

The Georgia Court of Appeals has only "limited jurisdiction to review constitutional questions," which arises when the facts of the case "do not involve construction of some constitutional provision directly in question and doubtful either under its own terms or under the decisions of the Supreme Court of Georgia or the Supreme Court of the United States." *State v. Davis*, 303 Ga. 684, 687-688 (1) (814 SE2d 701) (2018) (punctuation omitted). The instant appeal involves the construction of the garnishment statutes and how the statutes should be construed in the context of comporting with the Supreme Court's judicial emergency orders, which, unsurprisingly, has not previously been addressed in this State. *See id.* (holding that the Georgia Supreme Court had jurisdiction over a "constitutional question of first impression," when the constitutional provision in question with respect to sex offender registration had not previously been addressed); *State Dept. of Corrections v. Developers Sur. & Indem. Co.*, 295 Ga. 741, 742 n. 2 (763 SE2d 868) (2014) ("An appeal requiring a first impression construction of the sovereign immunity provision of the Georgia Constitution is within [the Georgia Supreme] Court's exclusive appellate jurisdiction."). Indeed, implicit in Wrye's appeal is the contention that the Supreme Court's judicial emergency orders cannot toll the garnishment period provided in OCGA § 18-4-4 (c).

Consequently, it appears that jurisdiction over the instant appeals lies in the Georgia Supreme Court. While we acknowledge that the question of appellate jurisdiction is subject to differing reasonable conclusions, we note that the Supreme Court has "the ultimate responsibility for construing the constitutional provisions regarding appellate jurisdiction." *Saxton v. Coastal Dialysis & Med. Clinic*, 267 Ga. 177, 178 (476 SE2d 587) (1996). We also acknowledge that OCGA § 38-3-64 (c) provides in pertinent part that an appeal of an order declaring the existence of a judicial emergency "shall be heard immediately by the Georgia Court of Appeals under the procedure of emergency motions." Nevertheless, we have reviewed this appeal in an expedited manner, and note that even if OCGA § 38-3-64 (c) and the provision of the Georgia Constitution regarding appellate jurisdiction over

constitutional questions are in conflict, the latter would control. *See MARTA v. Buho*, 353 Ga. App. 466, 468 (838 SE2d 130) (2020) (to the extent a statutory rule contradicts a constitutional rule, the constitutional rule prevails). Here, the constitutionality regarding the Supreme Court's judicial emergency orders' ability to toll the time period provided in OCGA § 18-4-4 (c) has been brought into question, and jurisdiction therefore appears to be proper in the Georgia Supreme Court.

For the foregoing reasons, this appeal is hereby TRANSFERRED to the Georgia Supreme Court for disposition.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  11/09/2020*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


, *Clerk.*