# Court of Appeals
# of the State of Georgia

ATLANTA,  June 23, 2022

*The Court of Appeals hereby passes the following order:*

**A22D0408. BULLDOG FLIP FLOP HOUSE, LLC v. THE UNIFIED GOVERNMENT OF ATHENS-CLARKE COUNTY.**

Seeking to make changes to a house it owns in a historic district, Bulldog Flip Flop House, LLC ("Bulldog"), applied to the Athens-Clarke County Historic Preservation Commission ("HPC") for a certificate of appropriateness. The HPC conducted a public hearing to consider Bulldog's application, at which Bulldog presented its proposed design and also raised objections to the constitutionality of the Athens-Clarke County ordinances governing historic preservation and applications for certificates of appropriateness.[1] After the hearing, the HPC denied the application.  Bulldog appealed the decision to the Mayor and Commission of Athens-Clarke County, which upheld the decision. Bulldog then filed a petition for writ of certiorari, writ of mandamus and declaratory judgment in superior court, contending inter alia that Athens-Clarke County Ordinances §§ 8-5-5 (d) (1) and (2), adopted pursuant to the Georgia Historic Preservation Act (OCGA § 44-10-20 et seq.), are unconstitutional. The superior court denied the writ of certiorari, expressly rejecting Bulldog's challenge to the constitutionality of the ordinances, finding that the ordinances are constitutional and were applied appropriately. Bulldog filed this application for discretionary appeal from that ruling, seeking to appeal the court's

---

[1] See Athens-Clarke County Ordinances Sec. 8-5-1 et seq. ("Historic Preservation").

finding that the ordinances are constitutional.[2]

The Supreme Court of Georgia "has exclusive jurisdiction over all cases involving construction of the Constitution of the State of Georgia and of the United States and all cases in which the constitutionality of a law, ordinance, or constitutional provision has been called into question." *Atlanta Independent School System v. Lane*, 266 Ga. 657, 657 (1) (469 SE2d 22) (1996) (citing Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1)). Because the superior court rejected Bulldog's challenge to the constitutionality of the ordinances, it appears that jurisdiction over this application may lie in the Supreme Court. As the Supreme Court has the ultimate responsibility for determining appellate jurisdiction, see *Saxton v. Coastal Dialysis & Med. Clinic*, 267 Ga. 177, 178 (476 SE2d 587) (1996), this application is hereby TRANSFERRED to the Supreme Court for disposition. See *In the Interest of T. B.*, Case No. S21A1120 (Nov. 1, 2021) (noting that the Court of Appeals lacked jurisdiction to decide application because the Supreme Court has exclusive appellate jurisdiction over novel constitutional questions).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __06/23/2022__

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[2] The superior court found the petition for mandamus relief and declaratory judgment inappropriate in this case, and thus considered only the petition for writ of certiorari.