# Court of Appeals
# of the State of Georgia

ATLANTA, ___January 26, 2024___

*The Court of Appeals hereby passes the following order:*

**A24D0216. GIRLS GALORE, INC. d/b/a ALLURE GENTLEMEN'S CLUB v. CITY OF ATLANTA.**

In September 2020, the City of Atlanta Police Department cited Girls Galore, Inc., d/b/a Allure Gentleman's Club ("Allure") for operating outside of authorized hours, in violation of the City's Code of Ordinances.  Almost two years later, in August 2022, Allure was required to appear before the City's License Review Board ("LRB") and show cause why its alcoholic beverage license should not be revoked. At the conclusion of that hearing, the LRB voted to recommend that the Mayor suspend Allure's alcohol license for 30 days and require the club to pay a $2,500 fine. In November 2022, the Mayor informed Allure that, in accordance with the LRB's recommendation, he was suspending the club's alcohol license for 30 days and fining the club $2,500. Allure then filed a petition for writ of certiorari in superior court. Allure asserted, inter alia, that those sections of the City's Code of Ordinances addressing the denial and suspension of alcoholic beverage licenses and the imposition of fines related to such licenses violated the due process guarantees of the Constitutions of the United States and the State of Georgia.  Following a hearing, the trial court entered an order dismissing Allure's petition and finding that neither the relevant provisions of the City's Code of Ordinances nor the City's method of enforcing those provisions violated the federal and/or State constitutions. Allure has now filed this application for discretionary appeal, seeking review of the trial court's order. It appears, however, that this Court lacks jurisdiction.

The Supreme Court "has exclusive jurisdiction over all cases involving

construction of the Constitution of the State of Georgia and of the United States and all cases in which the constitutionality of a law, ordinance, or constitutional provision has been called into question." *Atlanta Independent School System v. Lane*, 266 Ga. 657, 657 (1) (469 SE2d 22) (1996); see Ga. Const. of 1983, Art. VI, Sec. VI, Para. II (1). Thus, because the superior court rejected Allure's challenge to the constitutionality of the ordinances at issue, it seems that jurisdiction over this application lies in the Supreme Court. As the Supreme Court has the ultimate responsibility for determining appellate jurisdiction, see *Saxton v. Coastal Dialysis & Med. Clinic*, 267 Ga. 177, 178 (476 SE2d 587) (1996), this application is hereby TRANSFERRED to the Supreme Court for disposition. See *In the Interest of T. B.*, Case No. S21A1120 (Nov. 1, 2021) (noting that the Court of Appeals lacked jurisdiction to decide an application for discretionary appeal that raised novel constitutional questions).



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,___01/26/2024_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.