# Court of Appeals of the State of Georgia

ATLANTA,  February 08, 2024

*The Court of Appeals hereby passes the following order:*

**A23A1293.  JONES v. CITY OF ATLANTA.**

A. Thomas Jones filed the underlying class action lawsuit, which he subsequently amended, alleging that certain City of Atlanta water and sewer use ordinances were unconstitutional, and that the charges collected under the ordinances were illegal taxes. Jones argues, inter alia, that the ordinances are unauthorized under the Georgia Constitution, violate constitutional due process protections and serve as unjust takings without compensation. The City filed a motion for judgment on the pleadings, and Jones filed a motion for partial summary judgment. The trial court issued an order granting the City's motion and denying Jones's motion.  Jones filed a notice of appeal with this Court seeking review of the trial court's order.[1]

The Supreme Court of Georgia "has exclusive jurisdiction over all cases involving construction of the Constitution of the State of Georgia and of the United States and all cases in which the constitutionality of a law, ordinance, or

---

[1] This is the second appeal in the underlying case. See *Jones v. City of Atlanta*, 360 Ga. App. 152 (860 SE2d 833) (2021) ("*Jones I*"). In *Jones I*, Jones filed his appeal with the Supreme Court of Georgia. See id. at 153. The Supreme Court transferred the matter to this Court because that appeal was of the trial court's order dismissing the case for lack of jurisdiction due to Jones's failure to "timely seek judicial review of Appellee's Water and Sewer Board's denial of his refund request," and therefore the trial court erred in reaching an alternative determination that the City's ordinances were constitutional. This Court "reverse[d] the trial court's determination that it lacked jurisdiction" and remanded the matter to the trial court. See id. at 157.

constitutional provision has been called into question." *Atlanta Independent School System v. Lane*, 266 Ga. 657, 657 (1) (469 SE2d 22) (1996) (citing Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1)). This exclusive jurisdiction extends "only to constitutional issues that were distinctly ruled on by the trial court and that do not involve the application of unquestioned and unambiguous constitutional provisions or challenges to laws previously held to be constitutional against the same attack." *State v. Davis*, 303 Ga. 684, 687 (1) (814 SE2d 701) (2018) (citation and punctuation omitted). Here, the trial court expressly rejected Jones's claims that the ordinances are unconstitutional, and his claims appear to present an issue of first impression.

As the Supreme Court has the ultimate responsibility for determining appellate jurisdiction, see *Saxton v. Coastal Dialysis & Med. Clinic*, 267 Ga. 177, 178 (476 SE2d 587) (1996), this appeal is TRANSFERRED to the Supreme Court for disposition.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*__02/08/2024_____

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*