# Court of Appeals
# of the State of Georgia

ATLANTA,  February 16, 2024

*The Court of Appeals hereby passes the following order:*

**A24I0122. VIVIAN FAITH SNYDER v. THE STATE.**

Following her arrest for driving under the influence, Vivian Snyder filed a motion to suppress the results of her blood-alcohol test, arguing that the test violated her constitutional rights because her blood was drawn by the arresting officer. The trial court denied the motion and certified its ruling for immediate review, and Snyder then filed this application for interlocutory appeal. Jurisdiction, however, appears to lie in the Supreme Court.

The resolution of this case turns on the application of OCGA § 40-6-392 (a) (2), which provides: "When a person shall undergo a chemical test at the request of a law enforcement officer, only a physician, registered nurse, laboratory technician, emergency medical technician, or other qualified person may withdraw blood for the purpose of determining the alcoholic content therein[.]" The trial court interpreted this statute as allowing an arresting officer who is also certified as a phlebotomist to withdraw blood from a suspect. Snyder argues that the trial court's interpretation of the statute is unconstitutional for various reasons.

The Supreme Court of Georgia "has exclusive jurisdiction over all cases involving construction of the Constitution of the State of Georgia and of the United States and all cases in which the constitutionality of a law, ordinance, or constitutional provision has been called into question." *Atlanta Independent School System v. Lane*, 266 Ga. 657, 657 (1) (469 SE2d 22) (1996); accord Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1). Additionally, the Supreme Court has the ultimate responsibility for determining appellate jurisdiction. See *Saxton v. Coastal Dialysis & Med.ical Clinic*,

267 Ga. 177, 178 (476 SE2d 587) (1996). Because this case appears to involve a novel question regarding the constitutionality of a statute, this application is hereby TRANSFERRED to the Supreme Court for disposition.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 02/16/2024

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*