# Court of Appeals
# of the State of Georgia

ATLANTA,  February 06, 2025

*The Court of Appeals hereby passes the following order:*

**A25A0987. THE TOWN OF NORTH HIGH SHOALS v. TOWNLEY FAMILY PARTNERSHIP, LLLP.**
**A25A0988. TOWNLEY FAMILY PARTNERSHIP, LLLP v. THE TOWN OF NORTH HIGH SHOALS.**

Townley Family Partnership, LLLP ("Townley") filed a petition for deannexation in which it sought to deannex 175 acres of its land from the Town of North High Shoals ("North High Shoals"), pursuant to OCGA § 36-36-131. After conducting a public hearing to address Townley's petition, the City Council denied the petition for deannexation. Townley filed a petition for judicial review in the Superior Court of Oconee County. North High Shoals filed both a motion to dismiss and an answer and counterclaim, seeking a declaratory judgment that OCGA § 36-36-131 is unconstitutional on its face and that the Appellate Practice Act ("APA"), codified at OCGA § 5-3-1 et seq., is unconstitutional as applied because North High Shoals's actions were legislative rather than quasi-judicial. The superior court entered an order dismissing the petition for judicial review and, in the alternative, affirming North High Shoal's decision to deny the petition for deannexation and granting Townley's motion to dismiss North High Shoal's counterclaims. In that same order, the superior court also ruled that OCGA § 36-36-131 and the APA are constitutional. Townley filed an application for discretionary appeal challenging the dismissal of its petition, which this Court granted. See Case No. A25D0097 (Nov. 7, 2024). Townley filed a notice of appeal, and that case has been docketed in this Court as Case No. A25A0989 and remains pending.

In Case No. A25A0987, North High Shoals filed a direct appeal from the trial

court's order, challenging its ruling that OCGA § 36-36-131 and the APA are constitutional. In Case No. A25A0988, Townley filed a cross-appeal. We lack jurisdiction over both cases.

The question of the constitutionality of the statutes was first raised in superior court in North High Shoals's answer and counterclaim, and the superior court found both statutes constitutional. The Supreme Court of Georgia "has exclusive jurisdiction over all cases involving construction of the Constitution of the State of Georgia and of the United States and all cases in which the constitutionality of a law, ordinance, or constitutional provision has been called into question." *Atlanta Independent School System v. Lane*, 266 Ga. 657, 657 (1) (469 SE2d 22) (1996) (citing Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1)). This exclusive jurisdiction extends "only to constitutional issues that were distinctly ruled on by the trial court and that do not involve the application of unquestioned and unambiguous constitutional provisions or challenges to laws previously held to be constitutional against the same attack." *State v. Davis*, 303 Ga. 684, 687 (1) (814 SE2d 701) (2018) (citation and punctuation omitted).

In this case, the trial court expressly rejected North Shoals's constitutional challenge to the statutes, and it does not appear that the constitutionality of OCGA § 36-36-131 has previously been considered. Therefore, jurisdiction of these appeals may lie in the Supreme Court of Georgia. As that Court has the ultimate responsibility for determining appellate jurisdiction, see *Saxton v. Coastal Dialysis & Med. Clinic*, 267 Ga. 177, 178 (476 SE2d 587) (1996), we hereby TRANSFER Case Nos. A25A0987 and

A25A0988 to the Supreme Court of Georgia for disposition.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 02/06/2025

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*