# Court of Appeals
# of the State of Georgia

ATLANTA,  April 01, 2025

*The Court of Appeals hereby passes the following order:*

## A25A0627.  ROBERT MURRAY v. ALICE SMITH.

This dispute arises from a legitimation and custody case between Robert Murray and Alice Smith concerning the custody of their child. (Murray's petition) Following entry of the initial final order in this case, Murray filed a pro se Motion for Reconsideration in which he argued, in part, that "[u]nder the Constitution of the United States and the Constitution of the State of Georgia, parents have a fundamental liberty interest and privacy right in raising their children." He alleged that the trial court's refusal to award him equal parenting time violated these constitutional rights. The trial court did not rule on this motion before Murray appealed the initial final order.

In this case's initial appearance before this Court in 2022, Case No. A22A0262, in an unpublished opinion we vacated the trial court's order in relevant part and remanded the case for the trial court to "enter a new order that includes the findings of fact and conclusions of law required by statute as well as rulings on the 'constitutional objections,' if any, that were properly before the trial court."

On remand, Murray, through counsel, filed a "Motion to Invoke Constitutional Protections of Parental Rights and Motion and Request for Written Ruling from the Trial Court Preserving Constitutional Arguments for Appellate Review[.]" Throughout this motion, Murray argued that limiting his parental rights in a custody dispute was an interference with his fundamental liberty interest in the

care, custody, and control of his child; therefore, he requested that the trial court "apply constitutional strict scrutiny to any and all court orders and/or other court actions that tend to in any way to infringe or limit the parental rights of either parent in this case[.]"

The trial court entered a final order which found that "there is no constitutional right to equally shared parenting time, [nor] does [Murray] provide any support for that proposition." It further stated,

[t]his [c]ourt's Final Order awarded [Murray] with joint legal custody and secondary physical custody of the minor child. [Murray] has not been deprived of what he claims is his "fundamental right to the compansionship, care, custody, and management of his child." Nor has [the child] been deprived of her "reciprocal right to be raised and nurtured by both of her parents" as [Murray] alleges. Therefore, to the extent that [Murray's] Motion for Reconsideration is based upon constitutional grounds, it is denied.

On appeal, Murray's third claim of error is that "[t]he trial court erred by failing to apply strict scrutiny analysis in its custody order." He reasserts that his rights under both the Georgia and federal Constitutions were violated because the trial court failed to identify a compelling state interest in awarding him "less-than-equal custody and parenting time[,]" nor did the trial court carry its burden of proving that its custody order was necessary and narrowly tailored to achieve a compelling state interest.

The Supreme Court of Georgia "has exclusive jurisdiction over all cases involving construction of the Constitution of the State of Georgia and of the United States and all cases in which the constitutionality of a law, ordinance, or constitutional

provision has been called into question."[1] Because this case involves arguments construing the construction of the Georgia and federal Constitutions which were ruled upon by the superior court, it appears that jurisdiction over this appeal may lie in the Supreme Court. As the Supreme Court has the ultimate responsibility for determining appellate jurisdiction,[2] this appeal is hereby TRANSFERRED to the Supreme Court for disposition.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*  04/01/2025

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[1] *Atlanta Independent School System v. Lane*, 266 Ga. 657, 657 (1) (469 SE2d 22) (1996); see Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1).

[2] See *Saxton v. Coastal Dialysis & Med. Clinic*, 267 Ga. 177, 178 (476 SE2d 587) (1996).