# Court of Appeals
# of the State of Georgia

ATLANTA,  May 02, 2025

*The Court of Appeals hereby passes the following order:*

**A25D0373. QUIRINO VONCELL BOLES v. THE STATE.**

In October 2024, Quirino Boles entered an *Alford*[1] plea to four counts of theft by receiving stolen property and two counts of criminal use of an article with an altered identification mark. The trial court sentenced him to a total of five years to be served on probation. On April 1, 2025, the trial court revoked Boles's probation and sentenced him to serve 90 days in jail, finding that he had violated the terms of his probation, in relevant part, by committing the new offenses of false swearing and unlawful voting, in violation of OCGA §§ 16-10-71 and 21-2-571, respectively.

At the probation revocation hearing, Boles argued that Ga. Const. of 1983, Art. II, Sec. I, Par. III and OCGA § 21-2-216, which establish the qualifications to vote in this state, were unconstitutional as applied to the facts of his case on due process, equal protection, and vagueness grounds. On April 2, 2025, the trial court denied Boles's motion, finding that Ga. Const. of 1983, Art. II, Sec. I, Par. III and OCGA § 21-2-216 are constitutional in their entirety as applied to Boles's case. This application for discretionary appeal followed.

The Supreme Court of Georgia "has exclusive jurisdiction over all cases involving construction of the Constitution of the State of Georgia and of the United States and all cases in which the constitutionality of a law, ordinance, or constitutional provision has been called into question." *Atlanta Independent School System v. Lane*, 266 Ga. 657, 657 (1) (469 SE2d 22) (1996); accord Ga. Const. of 1983, Art. VI, Sec.

---

[1] *North Carolina v. Alford*, 400 U. S. 25 (91 SCt 160, 27 LE2d 162) (1970).

VI, Par. II (1). This exclusive jurisdiction extends "only to constitutional issues that were distinctly ruled on by the trial court and that do not involve the application of unquestioned and unambiguous constitutional provisions or challenges to laws previously held to be constitutional against the same attack." *State v. Davis*, 303 Ga. 684, 687 (1) (814 SE2d 701) (2018) (citation and punctuation omitted).

In this case, the trial court expressly rejected Boles's challenge to the constitutionality of Ga. Const. of 1983, Art. II, Sec. I, Par. III and OCGA § 21-2-216, and it does not appear that the constitutionality of the constitutional provision or statute at issue, as applied to this case, has previously been considered. Thus, jurisdiction over this application may lie in the Supreme Court of Georgia. As that Court has the ultimate responsibility for determining appellate jurisdiction, see *Saxton v. Coastal Dialysis & Med. Clinic, Inc.*, 267 Ga. 177, 178 (476 SE2d 587) (1996), this application is hereby TRANSFERRED to the Supreme Court for disposition.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   05/02/2025                    *

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*