# Court of Appeals
# of the State of Georgia

ATLANTA, April 27, 2026

*The Court of Appeals hereby passes the following order:*

**A26I0179. ELIZABETH NOELL v. SHARON JACKSON.**

This application presents an as-applied challenge to the constitutionality of the Equitable Caregiver Statute, OCGA § 19-7-3.1. Because it may fall within the exclusive appellate jurisdiction of the Supreme Court of Georgia, we transfer it there.

The application materials show that Elizabeth Noell and Shanna Jackson were unmarried romantic partners who had two children, now ages 13 and 16. Noell and Shanna ended their relationship in 2017 and thereafter shared joint legal and physical custody of the children. In 2019, Shanna married Sharon Jackson, and in 2025, Shanna died. Sharon then filed a petition against Noell under the Equitable Caregiver Statute, alleging that she had developed a bond with the children during her marriage to Shanna and that Shanna had fostered and supported that relationship and behaved as though Sharon was a parent of the children. Noell moved to dismiss the petition, arguing that Sharon had failed to state a claim under OCGA § 19-7-3.1 because she had not alleged that Noell undertook any action to encourage a parental bond between Sharon and the children.

Under the Equitable Caregiver Statute, a party seeking equitable caregiver status must show, among other things, that she "[e]stablished a bonded and dependent relationship with the child, which relationship was fostered or supported by *a parent* of the child, and such individual and *the parent* have understood, acknowledged, or accepted that or behaved as though such individual is the parent of the child." OCGA § 19-7-3.1(d)(3) (emphasis supplied). Noell argued that this language must be interpreted to require Sharon to show that *Noell* — not just Shanna

— encouraged a parental relationship between Sharon and the children; otherwise, Noell's constitutional right to parent her children would be infringed. The trial court disagreed, ruling that the plain language of the statute required Sharon only to show that "a parent" had encouraged the relationship; that the petition adequately alleged that Shanna had done so; and that this statutory interpretation did not violate Noell's constitutional rights. Noell has applied to this Court for interlocutory review of the trial court's ruling, arguing that the trial court's construction of OCGA § 19-7-3.1 is erroneous and violates her fundamental constitutional rights as a parent.

The Supreme Court of Georgia "has exclusive jurisdiction over all cases involving construction of the Constitution of the State of Georgia and of the United States and all cases in which the constitutionality of a law, ordinance, or constitutional provision has been called into question." *Atlanta Independent School System v. Lane*, 266 Ga. 657, 657(1) (469 SE2d 22) (1996) (citing Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1)). This exclusive jurisdiction extends "only to constitutional issues that were distinctly ruled on by the trial court and that do not involve the application of unquestioned and unambiguous constitutional provisions or challenges to laws previously held to be constitutional against the same attack." *State v. Davis*, 303 Ga. 684, 687(1) (814 SE2d 701) (2018) (citation and punctuation omitted).

In this case, the trial court expressly rejected Noell's as-applied constitutional challenge to its interpretation of OCGA § 19-7-3.1, and it does not appear that this issue previously has been decided. See generally *Dias v. Boone*, 320 Ga. 785, 801(3)(c) (912 SE2d 547) (2025) (recognizing, but not resolving, "difficult questions" about the constitutionality of the Equitable Caregiver Statute). Therefore, jurisdiction of this application may lie in the Supreme Court of Georgia. As that Court has the ultimate responsibility for determining appellate jurisdiction, see *Saxton v. Coastal Dialysis &*

*Med. Clinic*, 267 Ga. 177, 178 (476 SE2d 587) (1996), we hereby TRANSFER this application to the Supreme Court for disposition.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 04/27/2026

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , Clerk.