# Court of Appeals
# of the State of Georgia

ATLANTA, June 03, 2026

*The Court of Appeals hereby passes the following order:*

**A26A0539.  IN THE INTEREST OF M. J., A CHILD (MOTHER).**

The mother of minor child M. J. appeals the Juvenile Court of Fulton County's motion to dismiss the underlying dependency petition on the ground that her constitutional due process rights were violated because the hearing which authorized the removal of M. J. was conducted without the mother's knowledge or presence.  In response to the mother's due process argument, the juvenile court found that the Juvenile Code's requirement that a preliminary protective hearing be scheduled within 72 hours of a child's removal, as was done here,[1] protected the mother's due process rights. See OCGA § 15-11-145(a).

The Supreme Court of Georgia "has exclusive jurisdiction over all cases involving construction of the Constitution of the State of Georgia and of the United States and all cases in which the constitutionality of a law, ordinance, or constitutional provision has been called into question."[2] Because this case involves arguments construing the construction of the federal Constitution which were ruled upon by the juvenile court, it appears that jurisdiction over this appeal may lie in the Supreme Court. As the Supreme Court has the ultimate responsibility for determining appellate

---

[1] The hearing was actually held at a later date when the original juvenile court judge recused herself in response to the mother's recusal motion.

[2] *Atlanta Independent School System v. Lane*, 266 Ga. 657, 657 (1) (469 SE2d 22) (1996); see Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1).

jurisdiction,[3] this appeal is hereby TRANSFERRED to the Supreme Court for disposition.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,* 06/03/2026

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[3] See *Saxton v. Coastal Dialysis & Med. Clinic*, 267 Ga. 177, 178 (476 SE2d 587) (1996).